**Lee J. SONNIER, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 1332.**

Supreme Court of Alaska.

April 5, 1971.

Victor Carlson, Public Defender, Anchorage, Dick L. Madson, and Bruce A. Bookman, Asst. Public Defenders, Fairbanks, for appellant.

G. Kent Edwards, Atty. Gen., Juneau, Stephen Cooper, Dist. Atty., and Hal R. Horton, Asst. Dist. Atty., Fairbanks, for appellee.

Before BONEY, C. J., and DIMOND, RABINOWITZ, CONNOR and ERWIN, JJ.

OPINION

CONNOR, Justice.

This case presents a single question: After sentence has been imposed upon a criminal defendant, may the trial court, several hours later, bring the defendant, defense counsel, and prosecutor back to the courtroom and impose a more severe sentence? Appellant claims that this procedure violated his rights under the double jeopardy provisions of both the state and federal constitutions.[1]

The facts of this case are not in dispute. On May 21, 1970, appellant pleaded guilty to two counts of an indictment charging him with robbery and with assault with intent to kill. Sentencing occurred before Judge Taylor at Fairbanks on June 24, 1970, at about 1:30 p. m. A sentence of five years on each count, to run concurrently, was imposed. The court also .ordered that appellant be eligible for parole at the discretion of the parole board. A minute order was entered reflecting the sentence. Appellant had not posted bail. He was in custody at the time of sentencing, and he remained in custody thereafter.

At about 4:20 p. m. on the same day the district attorney and defense counsel were asked to return to the courtroom. Appellant was also then present. The judge announced that he was vacating his previous order imposing sentence, and that he was resentencing appellant to ten years on each count of the indictment, to run concurrently, but without possibility of parole.[2] At the urging of defense counsel, the court explained what had happened in the inter-

1. The 5th Amendment, United States Constitution, provides in pertinent part: " * * * [N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb * * *." It was made applicable to the states in Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). Article I, Section 9, Alaska Constitution, provides in pertinent part: "No person shall be put in jeopardy twice for the same offense."

2. The denial of eligibility for parole was illegal under A.S. 33.15.230, but this was corrected by an amended judgment fixing parole eligibility after three years and four months.

im to change his mind. Apparently, the husband of the victim, a Mr. Stith, went into the judge's chambers shortly after the first sentencing and complained that the five-year sentence was too lenient. At the second sentencing the judge stated that he felt that he had made a mistake in sentencing appellant, that he was relying on his "certain plenary power" to correct his mistake, and that although defense counsel might have a meritorious appeal from the second sentencing, the trial court was not going to alter its action. The judge characterized this as a "case of first impression." He also stated that if he had sentenced the defendant to 15 years originally there could have been no complaint because such a sentence was within the authorized maximum.

From the second sentence, this appeal has been brought. Appellant asks that his original five-year sentence be reinstated.

Unlike the difficult problems of double jeopardy presented in other cases,[3] we find the solution of this case to be quite simple. Nearly a century ago Ex parte Lange, 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1874), established the proposition that the double jeopardy clause of the federal constitution prohibits double *punishment* as well as double *trials* for the same offense. In *Lange* the court had mistakenly sentenced the defendant both to pay a fine and to be imprisoned, but the statute only allowed a fine *or* imprisonment. Upon discovering his mistake, the trial judge brought the defendant back to court five days after the original sentence and imposed a sentence of imprisonment with no fine. However, in the meantime the defendant had paid the fine in full. In holding that the double jeopardy clause vitiated the second sentence, the court stated that the protection of the double jeopardy clause is total and complete "when a sec-

ond punishment is proposed in the same court, on the same facts, for the same statutory offense." 85 U.S. at 168, 21 L.Ed.2d 872. If double punishment were permissible, the constitutional guarantee would be rendered ineffective. The court articulated this principle in *Lange* by very clear language:

"For of what avail is the constitutional protection against more than one trial if there can be any number of sentences pronounced on the same verdict? Why is it that, having once been tried and found guilty, he can never be tried again for that offense? Manifestly it is not the danger or jeopardy of being a second time found guilty. It is the punishment that would legally follow the second conviction which is the real danger guarded against by the Constitution. But if, after judgment has been rendered on the conviction, and the sentence of that judgment executed on the criminal, he can be again sentenced on that conviction to another and different punishment, or to endure the same punishment a second time, is the constitutional restriction of any value? Is not its intent and its spirit in such a case as much violated as if a new trial had been had and, on a second conviction, a second punishment inflicted?

The argument seems to us irresistible, and we do not doubt that the Constitution was designed as much to prevent the criminal from being twice punished for the same offense as from being twice tried for it." 85 U.S. at 173, 21 L.Ed. 872.

The proposition established in *Lange* is now considered an indisputable interpretation of the constitutional guarantee. This can be seen by its uniform application in a series of cases,[4] and its recent use by the court as a basic doctrinal statement in North Carolina v. Pearce, 395 U.S. 711,

---

3. Whitton v. State, 479 P.2d 302 (Alaska 1970) ; DeSacia v. State, 469 P.2d 369 (Alaska 1970).

4. See, *e. g.*, United States v. Sacco, 367 F.2d 368, 369 (2nd Cir. 1966) ; Kennedy

v. United States, 330 F.2d 26, 27 (9th Cir. 1964) ; Duggins v. United States, 240 F.2d 479, 482 (6th Cir. 1957).

717–718, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

By proceeding as it did, the trial court here also disregarded the rule we laid down in Speidel v. State, 460 P.2d 77 (Alaska 1969). There we specifically disapproved the practice of holding a conference in chambers, which affected the sentence received by the defendant, without the defendant being present. It is noteworthy that *Speidel* was decided about eight months before the sentencing occurred in the case at bar.

If anything, the action of the trial court in the case before us is more extreme than what occurred in *Lange*. At least in *Lange* the court had made a mistake about the legal sentence which could be imposed. Here no mistake whatever was made. The judge, in disregard of both the Canons of Judicial Ethics [5] and the dictates of *Speidel,* allowed himself to succumb to pressure from a member of the public. This is the sole reason for an alteration of the sentence. Yet one of the great purposes of the double jeopardy clause is to prevent popular pressures from operating to the detriment of the accused after he has once been sentenced.

"To perpetuate this wise rule, so favorable and necessary to the liberty of the citizen in a government like ours, so frequently subject to changes in popular feeling and sentiment, was the design of introducing into our Constitution the clause in question." Commonwealth v. Olds, 15 Ky. (5 Litt.) 137, 139 (1824).

That only a few hours elapsed between the first and second sentences is of no significance. If a court can increase a sentence after reflecting for a few hours, there is no logical reason why it may not also do so after a day, a week, a month, or longer. This would subject criminal defendants to that very anxiety and insecurity against which the double jeopardy clause stands as a constitutional barrier. Ashe v. Swenson, 397 U.S. 436, 456, 90 S. Ct. 1189, 25 L.Ed.2d 469 (1970) (concurring opinion of Brennan, J.); Green v. United States, 355 U.S. 184, 187, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957).

We hold, therefore, that once a sentence has been meaningfully imposed, it may not, at a later time, be increased.[6] The action of the trial court in this case was plainly violative of appellant's constitutional rights.[7]

The judgment of the superior court is reversed with directions to enter a judgment imposing a five-year sentence on each count of the indictment, the sentences to run concurrently. The judgment shall also provide for parole eligibility within a legally proper period of time.

Reversed.

5. Canon 17, Canons of Judicial Ethics, provides in part:
   "A judge should not permit private interviews, arguments or communications designed to influence his judicial action, where interests to be affected thereby are not represented before him, except in cases where provision is made by law for ex parte application."

6. We have no occasion to consider in this case such nice questions as whether the sentencing judge can resentence a defendant who has not yet been "committed" or who has not "commenced" service of his sentence. Appellee has cited us to cases from other jurisdictions which operate under a different statutory system. Wal-ton v. United States, 92 U.S.App.D.C. 26, 202 F.2d 18 (1953); Oxman v. United States, 148 F.2d 750 (8th Cir. 1945), cert. denied 325 U.S. 887, 65 S.Ct. 1569, 89 L.Ed. 2001 (1945); Cisson v. United States, 37 F.2d 330 (4th Cir. 1930); People v. Thomas, 52 Cal.2d 521, 342 P.2d 889 (1959). Under Alaska law, any person in custody, before or after conviction, is at all times under the control of the executive branch of government. A.S. 18.65.090; A.S. 33.30.130.

7. Because the double jeopardy principle is dispositive, we have no reason to explore the intriguing due process problems raised by the facts of this case.