**Oliver Floyd LEMON, Appellant,**
v.
**STATE of Alaska, Appellee.**
**No. 1767.**

Supreme Court of Alaska.
May 10, 1974.

Herbert D. Soll, Public Defender, Susan Burke, Asst. Public Defender, Anchorage, for appellant.

John E. Havelock, Atty. Gen., Juneau, Monroe N. Clayton, Dist. Atty., James M. Hackett, Asst. Dist. Atty., Fairbanks, for appellee.

## OPINION

Before RABINOWITZ, C. J., ERWIN, BOOCHEVER, and FITZGERALD, JJ., and DIMOND, J. Pro Tem.

DIMOND, Justice Pro Tem.

The appellant, Lemon, escaped from jail and was captured two days later without incident. He was tried by the court without a jury for the crime of escape,[1] found guilty, and sentenced to two-years imprisonment. On appeal he makes two points: (1) that the state failed to prove that at the time of the escape he had been confined in jail "by direction of and under process issued by the Superior Court in the felony case entitled State of Alaska v. Oliver Floyd Lemon, 514 P.2d 1151, Alaska," as alleged in the indictment, and (2) that the two-year sentence was excessive.

---

1. AS 11.30.090 provides in part:

"A person who escapes or attempts to escape from the custody of a peace officer under a lawful arrest or from a jail or institution in which he is detained by a peace officer or confined by direction of a court in this state or from custody under process issued by a court in this state is punishable,

(1) if the custody or confinement is by an arrest on a charge of a felony, or conviction of a felony, by a fine of not more than $5,000, or by imprisonment for not less than one year nor more than three years, or by both . . . ."

Except for the fact that appellant was an inmate in a jail at the time of his departure, the state introduced no evidence that he had been confined there by direction of the court or under process issued by a court. Because of this, appellant moved for a judgment of acquittal. The trial judge denied the motion. He said that although not requested to do so by the state he was bound to take judicial notice of the court's files and records which establish that the court had committed appellant to jail prior to his escape. The judge stated:

"It would certainly present a different problem if Mr. Lemon say were a stranger to the court, where his identity is not known to the court. But where Mr. Lemon has been—is known to the court, as a matter of fact, this court . . . found him guilty of the crime/burglary not in a dwelling/and that several days thereafter—after the jury verdict, that this court entered its commitment.

. . . . . .

[T]his court finds that Mr. Lemon was lawfully incarcerated at Northern Regional Correctional Institution in cause no. 72—by virtue of a lawful commitment out of this court in 72–38 criminal . . . [and] that he did on the 23rd of April absent himself from the jail without lawful authority."

■ Appellant contends that the judge erred in failing to indicate for the record the matter of which it took judicial notice. Appellant relies on Civil Rule 43(a)(5) [2] which provides:

"If a matter judicially noticed is other than the common law or constitution or public statutes of this state, the judge shall indicate for the record the matter which is judicially noticed . . . ."

It is appellant's position that it did not suffice merely for the judge to take judicial notice that appellant was lawfully incarce-

rated "by virtue of a lawful commitment out of this court in 72–38 criminal," and that the rule required that the judge identify the prior commitment with particularity by stating what it concerned or when it was dated.

The superior court record designated as "State of Alaska v. Oliver Floyd Lemon, 514 P.2d 1151," shows that on March 16, 1972, appellant was indicted for the crime of burglary not in a dwelling, that on March 21, 1972, he was arraigned and entered a plea of not guilty to that charge, and that on that same date the judge signed a document entitled "commitment" which stated that appellant was placed in the custody of "any officer who may be authorized to receive and retain prisoners" to be detained pending trial, "according to the judgment of this court." This record also shows that on April 21, 1972, a jury found appellant guilty of the crime of burglary not in a dwelling, as charged in the indictment, and that on that same day, pending the imposition of sentence, the judge signed another "commitment," similar to the one of March 21. Two days after the second commitment was made, on April 23, 1972, appellant escaped from jail.

In the light of this record, appellant's argument that the judge was required to have been more explicit in designating the matter of which he took judicial notice is untenable and unrealistic. All the rule requires is that the judge "shall indicate for the record the matter which is judicially noticed." [3] He did just that. He indicated for the record that he was taking judicial notice of a lawful commitment of appellant in criminal case number 72–38. A simple perusal of that record shows quite clearly that at the time of the escape on April 23, 1972, there had been a lawful commitment —that appellant had been confined in jail under direction of and under process issued by a court of this state. When the judge took judicial notice of such lawful

2. Alaska R.Civ.P. 43, which deals with evidence, is made applicable to criminal actions by Alaska R.Crim.P. 26.

3. Alaska R.Civ.P. 43(a)(5).

commitment, appellant could have requested more specificity if he thought there was any doubt or uncertainty about the matter. But he did not do this. There was no error.

■ The basic element of the crime involved here is the escaping from a jail where one is confined by direction of the court or from custody under process issued by a court of this state. Appellant argues that the state had to prove this element beyond a reasonable doubt, and failed to do so by not introducing into evidence the record in criminal case number 72–38 to show that appellant had been lawfully committed to jail by direction of the court at the time of his escape. Appellant says it was an abuse of discretion on the part of the trial judge, by taking judicial notice of that record, to supply the evidence necessary for conviction that the state failed to produce.

■ Civil Rule 43(a)(2) provides:

"Without request by a party, the court may take judicial notice of:

.    .    .    .    .    .

[d] Specific facts and propositions of generalized knowledge which are capable of immediate and accurate determination by resort to easily accessible sources of indisputable accuracy."

It can be assumed, absent evidence to the contrary, that the court's record in criminal file number 72–38 is an accessible source of indisputable accuracy from which one may make an immediate and accurate determination of the specific fact that appellant was lawfully committed to

jail by order of the court at the time of his escape. This being true, the court could then take judicial notice of that specific fact "without request by a party." If there is no necessity for a party to request that a matter be judicially noticed, it follows that it is unnecessary for a party to introduce into evidence the record of which judicial notice is to be taken.[4] The rule would be otherwise if appellant were to show that the record in file number 72–38 does not support the fact noticed, because then the element of "indisputable accuracy" would be absent. Appellant makes no such contention. There is no merit to his argument on this point on appeal.[5]

■ Appellant's next point has to do with the two-year sentence of imprisonment. He contends that the trial judge, in imposing sentence, improperly relied upon an F.B.I. report or "rap sheet" attached to the pre-sentence report, which contained a list of prior police "contacts" or record of arrests, as well as a record of convictions for other offenses. Appellant refers to decisions of this court holding that pre-sentence reports containing rap sheets which recite police contacts or arrest records without further explanation are improper and should not be considered by the sentencing judge.[6] It is appellant's position that the judge ignored the adminition of this court in this regard, and therefore the case must be remanded for proper sentencing.

In the second *Robinson* decision we hled that:

"   .   .   .   [T]he trial judge's awareness of the results of the various police con-

---

4. In the recent case of Nicholson v. Sorensen, 517 P.2d 766, 772 (Alaska 1973), this court held, without discussion, that in considering a petition for determination of heirship, the trial court could properly take judicial notice of the contents of pleadings filed in the estate of the decedent's son. *See also* Nizinski v. Currington, 517 P.2d 754, 756 (Alaska 1974).

5. Appellant contends that judicial notice may not be taken of a fact or element that is *essential* for one party to prove. Civil Rule 43

(a), however, contains no such limitation on the court's power to take judicial notice and we find no reason why judicial notice should not be taken of essential facts as well as nonessential facts.

6. Robinson v. State, 492 P.2d 106, 107 (Alaska 1971); Robinson v. State, 484 P.2d 686, 690 n. 11 (Alaska 1971); Peterson v. State, 487 P.2d 682, 683 n. 1 (Alaska 1971); Waters v. State, 483 P.2d 199, 202–203 (Alaska 1971).

tacts removes the spectre of prejudicial error." [7]

The judge had such an awareness here. There were approximately 20 police contacts or arrests involving appellant between 1962 and 1971. The F.B.I. rap sheet, together with a detailed probation officer's report, show with one or two exceptions the dispostion made of each charge. The record of the sentencing proceeding indicates that the judge was influenced by Lemon's past convictions for major crimes involving offenses against property, rather than simply by his arrest record or police contacts in general. We can see no reason for remanding the case for resentencing, because the record does not indicate that the court ignored our holdings in the *Robinson, Peterson* and *Waters* cases.[8]

Appellant's final point is that since the circumstances surrounding his escape were not in the least aggravated, a sentence of two-years imprisonment was excessive.[9] It is true that appellant did not take any hostage or threaten or harm anyone in making his escape. There was no act of violence. But the potential for violence in this type of activity is very much a possibility. If a prisoner is attempting an escape and someone gets in his way and threatens to frustrate his plans, it is more probable than not that force or threats will be used by the one attempting the escape. In this situation, some of the approved criteria for sentencing—deterrence of the offender himself and deterrence of others who might possess the same tendencies—are relevant and legitimate factors to consider in imposing sentence. In addition, because of appellant's past felony convictions there are other sentencing objectives to consider, such as rehabilitation of appellant into a noncriminal member of society, isolation of appellant from society to prevent criminal conduct during the period of confinement, and community condemnation of his criminal activities, or in other words, reaffirmation of societal norms for the purpose of maintaining respect for the norms themselves.[10] Furthermore, from appellant's past record he appears to be an extremely poor candidate for rehabilitation.

Giving consideration to these factors and the nature of the offense, we are not convinced that the judge was clearly mistaken in imposing the sentence he did, and therefore we cannot say that the sentence was excessive.[11]

The judgment is affirmed.

---

7. Robinson v. State, 492 P.2d 106, 107 (Alaska 1971).

8. Note 6 *supra.*

9. The statutory penalty for the crime of escape is a fine of not more than $5,000 or imprisonment for not less than one year nor more than three years, or both. AS 11.30.090(1).

10. State v. Chaney, 477 P.2d 441, 444 (Alaska 1970).

11. McClain v. State, 519 P.2d 811 (Alaska March 15, 1974); Adams v. State, 521 P.2d 516 (Alaska April 22, 1974).