Oliver Floyd LEMON, Appellant,

v.

STATE of Alaska, Appellee.

No. 5090.

Court of Appeals of Alaska.

Oct. 29, 1982.

Dick L. Madson, Cowper & Madson, Fairbanks, and Paul Caruso, Beverly Hills, Cal., for appellant.

* We announced this decision in an order issued on August 19, 1982, and indicated that this opinion would follow.

W.H. Hawley, Asst. Atty. Gen., Anchorage, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Oliver Floyd Lemon was arrested on February 6, 1972, in Barrow, Alaska for the crime of burglary not in a dwelling, former AS 11.20.100. He was ultimately transported to Fairbanks for trial. On May 10, 1972, the state filed a separate indictment in a separate case charging him with escape from custody, in violation of former AS 11.30.090(1). He waived jury trial and on May 30, 1972, was tried by the court and convicted. On the same date, a third proceeding was commenced against Lemon charging him with being a habitual criminal, in violation of former AS 12.55.050(3). On July 13, 1972, he received a two-year sentence for escape from custody, which was ·to run concurrently with a five-year sentence imposed on the burglary not in a dwelling conviction. Defendant waived jury trial on the indictment for being a habitual criminal and on October 30, 1972, he was found guilty of that charge. Sentencing was deferred pending supreme court review of the escape conviction and sentence. An attempted appeal on the habitual criminal conviction was dismissed by the supreme court October 9, 1973, because no final judgment, *i.e.,* imposition of sentence, had taken place. The burglary conviction was reversed by the supreme court. *Lemon v. State,* 514 P.2d 1151 (Alaska 1973). The conviction and sentence for escape was appealed and affirmed. *Lemon v. State,* 522 P.2d 160 (Alaska 1974). The record reflects that Lemon repeatedly sought dismissal of the habitual criminal proceeding on double jeopardy grounds. He included a double jeopardy claim in that appeal, challenging the habitual criminal conviction.

■ After reversal of the burglary conviction, but prior to a supreme court decision on the escape charge, the parties entered into plea negotiations. Ultimately, an agreement was reached including both a plea and a sentence bargain. Under the agreement, Lemon would drop his appeal of the escape conviction, would not appeal the habitual criminal conviction and would agree to a twenty-five year sentence as a habitual criminal. The state, in turn, would dismiss the burglary indictment, agree to a concurrent escape sentence, and not retry defendant for burglary after the supreme court reversal. *See Lemon v. State,* 514 P.2d 1151 (Alaska 1973). The trial court accepted the bargain and imposed sentence accordingly. While defendant was not able to head off a decision on the escape conviction, *see Lemon v. State,* 522 P.2d 160 (Alaska 1974), the state did dismiss the burglary indictment. Thereafter, Lemon began serving his sentence, and in 1979 petitioned the superior court for a writ of habeas corpus. He challenged his conviction, *inter alia,* on the ground that imposition of a twenty-five year sentence as a habitual criminal in place of a previously imposed two-year sentence for escape, where escape was the target crime triggering the habitual criminal prosecution, violated his right under the federal and state constitutions [1] not to be twice put in jeopardy. *See State v. Carlson,* 560 P.2d 26 (Alaska 1977) and *Sonnier v. State,* 483 P.2d 1003 (Alaska 1971).[2] We will treat this petition as an

---

1. U.S. Const. amend. V; Alaska Const. art. 1, § 9.

2. Lemon presents two other claims:

   (1) Lemon argues that two of the convictions which the court relied upon in sentencing him as a habitual criminal occurred prior to enactment of the habitual criminal statute so that using them to enhance his sentence violated state and federal constitutional prohibitions against ex *post facto* laws and placing a defendant twice in jeopardy. This precise claim was rejected by the United States Supreme Court in *Gryger v. Burke,* 334 U.S. 728, 68 S.Ct. 1256, 92 L.Ed. 1683 (1948). Similar claims were rejected by our supreme court in *Danks v. State,* 619 P.2d 720 (Alaska 1980) and by this court in *Carter v. State,* 625 P.2d 313, 315 (Alaska App.1981). We find no error.

application for post-conviction relief. Alaska R.Crim.P. 35(c).

■ The state concedes that the procedure followed in this case violates *Carlson* and *Sonnier,* but argues that Lemon voluntarily, knowingly, and intelligently waived his right to raise double jeopardy contentions by entering into a sentence agreement providing for a twenty-five year sentence with full knowledge of his rights under the double jeopardy clauses of the federal and state constitutions.[3] This argument was not made to the trial court. Waiver is a mixed question of fact and law. Nevertheless, the state contends that the material facts are undisputed and that the question may therefore be decided on appeal as a pure question of law. We thus face two questions: (1) may a defendant, consistent with our state and federal constitutions, "waive" a double jeopardy claim based on *Carlson* and *Sonnier* and (2) if so, could reasonable people differ that Lemon did do so. In addressing these questions, it is necessary to distinguish three separate but related concepts. First, waiver: the intentional relinquishment of a known right. *See Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 1466 (1938). Second, forfeiture: the loss of a right through failure to assert it or through actions, such as a plea of guilty, inconsistent with its assertion. *See* Westen, *Away From Waiver: A Rationale For The Forfeiture of Constitutional Rights In Criminal Procedure,* 75 Mich.L.Rev. 1214 (1977). Third, estoppel: the principle that where a party by his representation or his conduct induces another party to detrimentally rely on the representation, he is thereafter precluded from acting inconsistently with the promise or representation. *See Groseth v. Ness,* 421 P.2d 624, 630 (Alaska 1966).[4]

■ Prior to *Menna v. New York,* 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975), it was generally assumed that questions of double jeopardy were forfeited unless raised at trial. *See* 1 C. Wright, *Federal Practice and Procedure: Criminal* 2d § 193, at 705–06 (1982). Generally, nonjurisdictional defenses are forfeited by a plea of guilty, *see Cooksey v. State,* 524 P.2d 1251, 1255 (Alaska 1974), but so-called jurisdictional defenses cannot be forfeited, *see Gray v. State,* 525 P.2d 524, 527 (Alaska 1974). The general rule has been that claims of double jeopardy are nonjurisdictional. *See State v. Owens,* 127 Ariz. 252, 619 P.2d 761, 762 (App.1980).

In *Menna v. New York,* 423 U.S. at 62 n. 2, 96 S.Ct. at 242 n. 2, 46 L.Ed.2d at 197 n. 2, the court held "that a plea of guilty to a charge does not waive a claim that—judged on its face—the charge is one which the state may not constitutionally prosecute." Double jeopardy was determined to fall within this category of claims. The court did point out that under some circumstances double jeopardy claims can be waived. *Id.* In *Launius v. United States,* 575 F.2d

(2) Lemon argues that a twenty-five year sentence amounts to cruel and unusual punishment in violation of the federal constitution. This claim is foreclosed by *Rummel v. Estelle,* 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980). He does not expressly rely on Alaska Const. art. 1, § 12, but we feel his argument should be considered under the state standard. We cannot say that the sentence imposed was so completely arbitrary and shocking to our sense of justice that it amounted to cruel and unusual punishment. *See, e.g., Davis v. State,* 566 P.2d 640, 643–44 (Alaska 1977). Lemon was a multiple offender who clearly had not been rehabilitated despite many opportunities. Given the state's dismissal of the burglary charge and the concurrent escape sentence, we cannot say that the sentence violated constitutional norms. We note that an application for post-conviction relief or habeas corpus is not a proper. vehicle for obtaining sentence review pursuant to AS 12.55.120. *But cf. Davis v. State,* 566 P.2d 640 (Alaska 1977) (court noted might be possible to seek relief from superior court under Criminal Rule 35(b) and 39(b)(2)).

3. While Lemon relies upon both the state and federal constitutions, it appears he has no federal claim. *See Graham v. West Virginia,* 224 U.S. 616, 32 S.Ct. 583, 56 L.Ed. 917 (1912). The federal courts apparently approve the procedure rejected in *Carlson-Sonnier.*

4. In his article, Westen does not refer to the doctrine of equittable estoppel by name, but it is clear that he considers it a necessary ingredient of an effective waiver of constitutional rights. *See* Westen, *supra,* at 1261.

770, 772 (9th Cir.1978), the court read *Menna* as permitting waivers, as we use the term, but not forfeitures.

With this background we can proceed to the questions posed by Lemon's application. We hold that a claim based upon double jeopardy in reliance on our state constitution can be waived, but is not forfeited, by a guilty plea; even a guilty plea that is part of a negotiated settlement. We note that Lemon entered into a sentence bargain, as well as a plea bargain. At the time he did so, his claim that a sentence imposed on the escape charge precluded use of that charge as a trigger for the enhanced penalties available against habitual offenders was pending in the supreme court. In his March 23, 1973, opening brief Lemon summarized his argument as follows:

> This court has held that once a sentence has been meaningfully imposed, a defendant's constitutional protection against double jeopardy is violated when the trial court brings the defendant back into court and increases the sentence. In this case, appellant had been meaningfully sentenced on July 13, 1972, for his most recent felony conviction. Any attempt to impose an additional sentence after that time constituted double jeopardy and was invalid.

In the body of his brief, defendant cites *Sonnier v. State,* 483 P.2d 1003, 1005 (Alaska 1971) for this proposition, thus anticipat-

ing the holding in *State v. Carlson,* 560 P.2d 26, 30–31 (Alaska 1977), the very case he relies upon in this court. Counsel discussed the *Sonnier* problem in Lemon's presence at the time of the initial sentencing for escape. The trial judge personally questioned Lemon at the time he agreed to waive his appeals.[5] However, the trial judge did not personally question Lemon about double jeopardy. Based on this record, we find that reasonable persons could differ on the question of whether the waiver requirements specified by *Menna* and *Launius,* which we have adopted, have been met. Consequently, we may not decide the issue as a pure question of law. *See* Alaska R.Crim.P. 35(h)(3). We therefore remand the case to the superior court to determine whether Lemon waived his right to plead double jeopardy as a bar to his sentence. The court may consider direct and circumstantial evidence. *North Carolina v. Butler,* 441 U.S. 369, 373, 99 S.Ct. 1755, 1757, 60 L.Ed.2d 286, 292 (1979).[6]

The decision of the superior court is VACATED and this case REMANDED for further proceedings consistent with this decision.[7]

---

**5.** Defendant, through counsel, made a number of motions to dismiss the habitual offender proceeding on the basis of the issue presented here prior to the plea agreement in question. Counsel raised the issue in Lemon's presence at the trial on the habitual offender claim. Additionally, Lemon signed a written affidavit in support of his motion to dismiss the escape appeal.

**6.** An express written or oral statement of waiver [of *Miranda* rights] is usually strong proof of the validity of that waiver, but is not inevitably either necessary or sufficient to establish waiver. The question is not one of form, but rather whether the defendant in fact knowingly and voluntarily waived [his *Miranda* rights]. The courts must presume

that a defendant did not waive his rights; the prosecution's burden is great; but in at least some cases waiver can be clearly inferred from the actions and words of the person interrogated.

*Butler,* 441 U.S. at 373, 99 S.Ct. at 1757, 60 L.Ed.2d at 292 (footnote omitted). We would apply the same test to waiver of other constitutional rights.

**7.** The parties should be permitted a reasonable opportunity to supplement the record on remand. Our decision would not bar summary disposition of this case if in light of the expanded record one party was entitled to judgment as a matter of law.