Jerry WILSON, Appellant,

v.

STATE of Alaska, Appellee.

Nos. 7523, 7526 and 7833.

Court of Appeals of Alaska.

April 13, 1984.

Jerry M. Wilson, pro se.

Daniel T. Saluri, Fairbanks for appellant, Nos. 7523, 7526.

Jerry M. Wilson, pro se.

Thomas A. Miller, Asst. Dist. Atty., Nos. 7523, 7526, James P. Doogan, Jr., Asst. Dist. Atty., No. 7833, Harry L. Davis, Dist. Atty., Fairbanks, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

## OPINION

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

SINGLETON, Judge.

Jerry M. Wilson appeals his convictions and sentences for three separate incidents involving misdemeanor driving violations. The first incident, No. 7523, occurred in May of 1981, the second, No. 7526, in August of 1982, and the third, No. 7833, in January of 1983. We reverse No. 7523, finding a violation of Wilson's right not to be placed twice in jeopardy. We affirm No. 7526 and No. 7833.

### NO. 7523

On May 18, 1981, Jerry Wilson was arrested in Delta Junction for driving while intoxicated. After a jury trial he was found guilty and sentenced to 365 days with 205 days suspended. In addition, he received five years of probation and his driver's license was suspended for three years. Wilson was not informed by Judge Crutchfield that if he appealed his sentence it could be increased or that by appealing his sentence he waived the right to plead double jeopardy if it were increased. *See* Alaska R.App.P. 215(a).

Wilson elected to appeal his conviction and sentence to the superior court. *See* AS 22.07.020; AS 22.10.020. The state cross-appealed charging that Wilson's sentence was too lenient. Superior Court Judge Jay Hodges affirmed the conviction. He found, however, that the sentence was clearly mistaken because it was too lenient. Judge Hodges characterized Wilson as a worst offender and remanded the case to the district court for imposition of the maximum sentence of 365 days, with no time suspended. Superior Court Judge Van Hoomissen substituted for Judge Crutchfield on remand and, sitting as a district

court judge, resentenced Wilson in accordance with the appellate mandate to the full 365 days. Wilson then appealed to this court on the ground that the resentencing violated his right against double jeopardy and that the sentence was excessive. The state has moved to have the appeal dismissed, arguing that Wilson waived his right to appeal to this court by initially appealing to the superior court. *See* AS 22.07.020(d); Alaska R.App.P. 202(b). We have concluded that the double jeopardy issue is of sufficient moment to warrant a hearing in this court. *See* AS 22.07.020(e). This is the first case we have seen in which an appellate court has increased a defendant's sentence when the defendant appealed his sentence on the ground that it was excessive. Consequently, we believe the matter warrants our attention, and, treating Wilson's appeal as a petition for hearing, we grant the petition.

In *Lemon v. State*, 654 P.2d 277, 280 (Alaska App.1982), we recognized the Alaska rule, based upon double jeopardy, which precludes an increase in a sentence that has been meaningfully imposed and we considered whether the protection afforded by that rule could be waived. *See also State v. Carlson*, 560 P.2d 26 (Alaska 1977); *Sonnier v. State*, 483 P.2d 1003 (Alaska 1971). After considering *Menna v. New York*, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975), and *Launius v. United States*, 575 F.2d 770 (9th Cir.1978), we concluded that a claim based upon double jeopardy could be waived but could not be forfeited. We defined waiver as the intentional relinquishment of a known right and forfeiture as the loss of a right through failure to assert it or through acts, such as a plea of guilty, inconsistent with its assertion. *Lemon*, 654 P.2d at 279.

With this background in mind, we address Wilson's situation. Appellate Rule 215(a), which requires that a defendant be notified of his right to appeal his sentence, provides:

(a) At the time of imposition of any sentence of imprisonment of 45 days or

more, the judge shall inform the defendant as follows:

(1) That the sentence may be appealed on the ground that it is excessive;

(2) That upon such appeal the appellate court may reduce or increase the sentence, and that by appealing the sentence under this rule, the defendant waives the right to plead that by a revision of the sentence resulting from the appeal he has been twice placed in jeopardy for the same offense.

▬▬ Wilson appealed his sentence to the superior court on the ground that it was excessive. The state argues that under the rule he forfeited his right to rely on the claim that he had twice been placed in jeopardy by the increase in sentence. We disagree. Wilson did not receive the notification required by Appellate Rule 215(a)(2). We construe the rule as a formal attempt to establish a basis for a later claim of waiver if a defendant appeals his sentence. We hold that unless a defendant receives the warning contemplated in the rule, his sentence may not thereafter be increased on appeal. Our conclusion is not inconsistent with the following language in *Lemon:*

An express written or oral statement of waiver [of *Miranda* rights] is usually strong proof of the validity of that

waiver, but is not inevitably either necessary or sufficient to establish waiver. The question is not one of form, but rather whether the defendant in fact knowingly and voluntarily waived [his *Miranda* rights]. The courts must presume that a defendant did not waive his rights; the prosecution's burden is great; but in at least some cases waiver can be clearly inferred from the actions and words of the person interrogated.

We would apply the same test to waiver of other constitutional rights.

654 P.2d at 280 n. 6 (quoting *North Carolina v. Butler,* 441 U.S. 369, 373, 99 S.Ct. 1755, 1757, 60 L.Ed.2d 286, 292 (1979)). A finding of waiver of double jeopardy resulting from an increased sentence may be based upon circumstantial evidence so long as the defendant receives the required warning.[1] Wilson's sentence in No. 7523 is vacated and the case remanded to the district court for reinstatement of Wilson's original sentence.[2]

## NO. 7526

▬ On January 18, 1983, Wilson was convicted of driving while intoxicated for an offense which occurred on August 4, 1982. At his trial, a tape recording made

---

1. In his *pro se* briefs in No. 7523, Wilson raises issues which do not involve the resentencing. These questions are not ones to which Wilson is entitled to an appeal in this court as a matter of right. Construing Wilson's brief on these issues as a petition for hearing, we deny the petition. *See* Alaska R.App.P. 302; Alaska R.App.P. 521.

   Normally we do not give reasons for denying a petition for hearing. We have decided to make an exception in this case.

   Wilson contends that Judge Crutchfield, the trial judge, should have been disqualified because of *ex parte* communications. When Judge Crutchfield stated at the original sentencing that he had had *ex parte* conversations concerning the defendant, he offered to grant a continuance. No objection was made nor was a continuance requested. This issue was raised on appeal in superior court and rejected.

   Wilson also contends that the bailiff, Linda Harding, was biased against him. Wilson can point to no evidence that Harding took any action which jeopardized his right to a fair trial. This issue was raised in the superior court and rejected.

   Finally, Wilson asserts that he was denied effective assistance of counsel during his appeal in the superior court. Wilson contends that his attorney failed to argue his claims against Crutchfield and Harding. The brief filed on Wilson's behalf shows, however, that both arguments were made by his attorney to the superior court. *See also Barry v. State,* 675 P.2d 1292, 1295–1296 (Alaska App., 1983) (in the absence of plain error, court of appeals will no longer consider claims of ineffective assistance of counsel unless defendant has moved for a new trial or sought post-conviction relief by submitting affidavits alleging facts which would establish a basis for relief).

2. Wilson's initial sentence, which will be reinstated, contained a substantial amount of suspended time. Wilson has committed additional offenses since that time which might lead a judge to consider revoking probation and imposing the suspended time. We express no opinion regarding that issue.

of his arrest was played for the jury. The defendant objected on the ground that the tape was made in violation of his right to privacy. *See Quinto v. Juneau,* 664 P.2d 630, 635–36 (Alaska App.1983), *petition for hearing granted* (August 29, 1983). However, it is clear that the tape was made after the police had probable cause to arrest Wilson. We therefore find no error. *See O'Neill v. State,* 675 P.2d 1288, 1290–1291 (Alaska App.1984).

Wilson's sentencing for this offense was combined with his sentencing for a conviction of driving with a suspended operator's license and the resentencing in No. 7523. For the August 1982 DWI, Wilson received the maximum sentence of 365 days incarceration to run consecutively to the sentence in No. 7523. Wilson appeals his sentence as excessive.

■ Wilson has an extremely poor driving record characterized by convictions for driving while intoxicated and driving with a suspended license. It appears he has not learned from his past convictions and continues to drive under circumstances endangering the general public. Judge Van Hoomissen properly characterized him as a worst offender and imposed a maximum sentence. *See Sandahl v. Anchorage,* 670 P.2d 716, 718 (Alaska App.1983). In addition, Wilson has established his dangerousness by continuing to drive while intoxicated pending sentencing in other cases. Therefore, Judge Van Hoomissen did not err in making Wilson's sentences consecutive.[3]

## NO. 7833

On the evening of January 14, 1983, state troopers observed Wilson driving erratically. When the troopers attempted to pull Wilson over he refused to stop and nearly lost control of his truck trying to get away. After hitting one of the patrol cars and running a red light, Wilson drove to his home. There he jumped out of his truck and attempted to run into a greenhouse. The troopers followed him and after a scuffle Wilson was subdued and handcuffed.

Wilson was convicted of refusal to take a breathalyzer, AS 28.35.032, reckless driving, AS 28.35.040(a), and driving with a revoked operator's license, AS 28.15.291(a). The jury was unable to agree on a count of driving while intoxicated and acquitted Wilson of assault in the fourth degree. Judge Cline sentenced Wilson to consecutive sentences of 180 days with no time suspended for refusing to submit to a breathalyzer, the maximum 365 days with no time suspended for reckless driving, and the mandatory minimum of 90 days for driving with a revoked license. *See* AS 28.15.-291(c). Wilson appeals his convictions and sentence. We affirm.

■ Wilson contends that his arrest was illegal because the arresting officers failed to procure a warrant before entering the greenhouse to arrest him. We are satisfied that the officers were in hot pursuit of Wilson when they entered the greenhouse and therefore did not need a warrant. *See Erickson v. State,* 507 P.2d 508, 515 (Alaska 1973).

■ Wilson additionally argues that the trial court erred in not granting a change of venue because his case was notorious in Delta Junction. On appeal, Judge Cline's decision not to change venue to Tok will be upheld unless it amounted to an abuse of discretion. Judge Cline offered to change venue to Fairbanks. Wilson refused that offer, indicating that he preferred Delta Junction to Fairbanks because of adverse publicity in Fairbanks.[4] Under the circumstances, Judge Cline did not abuse his discretion in denying the motion to

---

**3.** Our decision that the sentence in No. 7523 must be vacated and remanded for resentencing may require an adjustment of the total time Wilson will serve but does not change the propriety of imposing consecutive sentences.

**4.** Wilson also argued that defendants alcohol-related cases had not fared well with Fairbanks juries. Wilson failed to present any newspaper articles or media releases to support his claim that he would not get a fair trial in Fairbanks.

change venue to the particular location preferred by Wilson.

When the state troopers first saw Wilson driving erratically, one of them, Corporal Barnes, began dictating his observations into a tape recorder. The recorder was turned off while the troopers were trying to get Wilson to pull over. It was turned back on when the troopers entered the greenhouse. The entire tape was played for the jury. Wilson objected on hearsay grounds. Judge Cline disagreed, concluding that Corporal Barnes's recorded observations of the defendant were not hearsay because Barnes was available to testify as a witness subject to cross-examination. We believe Judge Cline erred. Alaska Rule of Evidence 801(c) defines hearsay as any statement other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Corporal Barnes's statements were hearsay because they were not made while he was testifying at trial. The statements were, in effect, his report on the incident; as such, they did not fit within any exceptions to the hearsay rule. *But cf.* ARE 801(d)(1) (prior inconsistent statement of testifying witness not hearsay); *Larson v. State*, 656 P.2d 571, 574 (Alaska App.1982). While arguably present sense impressions, *see* A.R.E. 803(1), we are satisfied that Corporal Barnes's narrative on the tape should not have come into evidence.

When viewed in context, however, admission of the tape was harmless error. *See Love v. State*, 457 P.2d 622, 631 (Alaska 1969). Barnes was available to testify and for cross-examination. His hearsay narrative was only relevant to the reckless driving charge and was largely cumulative of other evidence in the case. We are satisfied that Wilson suffered no prejudice. *See Sheakley v. State*, 644 P.2d 864, 870 (Alaska App.1982).

As to Wilson's complaint about that portion of the tape made by the troopers after his arrest, we find no error. *See O'Neill v. State*, 675 P.2d 1288, 1290–1291 (Alaska App., 1984).

Wilson also contends that Corporal Barnes was biased against him to the extent that he would falsely arrest him. In order to show this bias, Wilson proposed to call five witnesses. He believed that Corporal Barnes had induced these witnesses to write letters against Wilson, which were included in police reports in earlier cases. He wanted these witnesses to testify that Corporal Barnes had solicited the letters as part of his personal plan to ruin Wilson. The trial court declined to allow this testimony, ruling that Wilson could not retry other cases. We agree that this evidence was properly excluded.

A defendant is entitled to broad latitude in introducing evidence to show the bias of an adverse witness. *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). However, Wilson made no offer of proof indicating the content of the testimony these witnesses would give and how it would show bias. *See* A.R.E. 103(a). Wilson merely told the trial court that the witnesses were friends of his who would not have written unfavorable letters against him unless Barnes pressured them to do so. This is mere speculation. The record does not indicate that the witnesses would have testified to facts showing bias. Therefore Judge Cline did not err in rejecting the proferred evidence. Because Barnes's testimony was of such limited significance and because the offered impeachment evidence was only marginally relevant, the delay and confusion which would have resulted from "retrying other cases" justified exclusion in this case. *See* A.R.E. 401; A.R.E. 403.

Wilson further argues that there was insufficient evidence to support the verdicts in this case. We disagree. We have reviewed the record and find that reasonable jurors could find Wilson guilty of each of the offenses for which he was convicted beyond reasonable doubt. *See Deal v. State*, 657 P.2d 404, 405 (Alaska App.1983).

Wilson also asserts that the verdicts rendered in this case are inconsistent. We are satisfied, however, that each can be logically reconciled with the others by looking at the facts upon which each verdict was based. Wilson was found guilty of refusing to take a breathalyzer test, reckless driving, and driving while his operator's license was revoked. He was found not guilty of assault in the fourth degree and the jury could not reach a decision on whether he was driving while intoxicated. Given the facts of this case, there is nothing in the jury's resolution of these issues which makes the verdicts impermissibly inconsistent. *See DeSacia v. State*, 469 P.2d 369, 378 (Alaska 1970).

Finally, Wilson contends that the consecutive sentences imposed in these three cases, totaling three years and 270 days, are excessive. We disagree. Given Wilson's bad driving record, including his convictions for driving while intoxicated, and his refusal to conform his conduct to the requirements of the law, the sentences are appropriate. The sentences which Wilson has received are the culmination of three years of dangerous driving; yet the total amount of time he has to serve is less than the maximum for a class C felony. *See* AS 12.55.125(e). Although Wilson has not been involved in a serious accident in conjunction with any of his arrests, his conduct in No. 7833 was a direct threat to the lives of the police officers who attempted to stop him. *Cf. Graybill v. State*, 672 P.2d 138, 143 (Alaska App.1983), *petition for hearing granted* (January 30, 1984) (consecutive sentences totaling seven years excessive for misdemeanor fish and game violations which did not threaten the physical well being of other persons). We are satisfied that Wilson's dangerousness justifies his incarceration for the total sentence imposed. *See Lacquement v. State*, 644 P.2d 856, 862 (Alaska App.1982). Taking into account Wilson's conduct, his prior record, and his continued refusal to ac-

knowledge his problem with alcohol and his responsibility for his offenses, the consecutive sentences which Wilson has received are not clearly mistaken.[5]

Wilson's convictions and sentences in No. 7526 and No. 7833 are AFFIRMED. Wilson's sentence in No. 7523 is vacated and that case is REMANDED to Judge Van Hoomissen for further proceedings.

<hr>

intervening decision by this court.

**5.** Wilson also contends that bail of $500,000 was excessive. This claim has been mooted by an