**Joseph JAMES, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–1154.**

Court of Appeals of Alaska.

July 31, 1987.

William A. Davies, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellant.

Nancy R. Simel, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Harold M. Brown, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION ON REHEARING

COATS, Judge.

In *James v. State*, 730 P.2d 811 (Alaska App.1987) (*James* I), we reversed James' conviction, finding that the record did not adequately indicate that James knowingly and intelligently waived his right to counsel. *Id.* at 815. The state filed a petition for rehearing and asked to supplement the appellate record with a transcript of James' initial arraignment in district court. We allowed the state to supplement the record and the parties have filed briefs commenting on the record as supplemented. We granted the petition for rehearing.

The record of James' initial arraignment shows that the presiding magistrate informed James of the functions of an attorney. In addition, when the court addressed James individually, James said that he did not want an attorney. The magistrate told James that, given the seriousness of the charges, he was appointing the Public Defender Agency to represent James. James refused to have a public defender, stating, "it's my right." The court replied that the charges were serious and that James needed an attorney to address the issues which James was raising. The magistrate again stated that he was appointing the public defender. James indicated that he protested the appointment.

In *James* I, we discussed the law applicable to allowing a defendant to represent himself. We stated:

Under Art. 1, sec. 21 of the Alaska Constitution and the Sixth Amendment to the United States Constitution, a criminal defendant has the right to represent himself. *Faretta v. California,* 422 U.S. 806, 821 [95 S.Ct. 2525, 2534, 45 L.Ed.2d 562] (1975); *McCracken v. State,* 518 P.2d 85, 91 (Alaska 1974). However, courts have imposed protective restrictions on the exercise of that right because it involves a waiver of the fundamental right to counsel. A defendant must knowingly and intelligently give up the benefits of the right to counsel before being allowed to represent himself. *Faretta,* 422 U.S. at 835 [95 S.Ct. at 2541]. "Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation. . . ." *Id.*

The Alaska Supreme Court requires that the trial court first establish that the defendant can represent himself in a "rational and coherent manner" and then determine whether "the prisoner understands precisely what he is giving up by declining the assistance of counsel," before allowing the defendant to appear *pro se. McCracken,* 518 P.2d at 91. The trial judge must explain the advantages of legal representation in "some detail." *Id.* at 92. The record must reflect a clear waiver of the right to counsel. *O'Dell v. Anchorage,* 576 P.2d 104, 108 (Alaska 1978); *Smith v. State,* 651 P.2d 1191, 1194 (Alaska App. 1982).

In addition, Alaska Rule of Criminal Procedure 39(b)(3) requires the court to appoint an attorney for an indigent defendant unless the defendant both proves that he understands the benefits of having an attorney and knowingly waives that right. This rule places an affirmative duty on the trial judge to determine, on the record, whether a defendant understands the benefits of legal counsel.

*Gregory v. State,* 550 P.2d 374, 379 (Alaska 1976).

*James,* 730 P.2d at 813–14 (footnote omitted).

James' competence to represent himself is not at issue. The issue is whether James knowingly and intelligently waived his right to counsel. The best way to establish this waiver is for the trial court to conduct a thorough inquiry of a defendant, along the lines suggested in the Commentary to the ABA Standards for Criminal Justice.[1] However, in some cases it is possible to ascertain that the defendant made a knowing and intelligent waiver of counsel from the record as a whole. *See Kelly v. State,* 663 P.2d 967 (Alaska App.1983). In *Kelly,* we found that Kelly had knowingly and intelligently waived his right to counsel, in spite of the fact that the trial judge had not made the thorough inquiry mandated by *McCracken v. State,* 518 P.2d 85 (Alaska 1974). 663 P.2d at 969.

■ In *James* I, we held that the record was not adequate for us to conclude that James knowingly and intelligently waived his right to counsel. 730 P.2d at 815. With the addition of the supplemented record of James' initial arraignment, we conclude that the record is sufficient to find a knowing and intelligent waiver. The magistrate informed James about the function of an attorney. Furthermore, as outlined in Judge Singleton's dissenting opinion in *James* I, the record reflects that James has had considerable experience with attorneys. 730 P.2d at 819. The magistrate told James that he needed an attorney because of the seriousness of the charges, and attempted to force James to accept representation by the Public De-

fender Agency. James appeared to understand that he had a right to refuse representation. As we pointed out in *James* I, James did state to the court that he knew it was not a good idea to represent himself. 730 P.2d at 813. Further, in *James* I we noted that Superior Court Judge Jay Hodges consistently informed James that, if James requested, the court would appoint a public defender to represent him. 730 P.2d at 812–13. Under these circumstances, we believe that the record is adequate to find that James knowingly and intelligently waived his right to counsel.

James also argues that he was denied the effective assistance of counsel because, after the court appointed an assistant public defender to represent him, the court granted only a four-day continuance to allow him time to prepare. However, when counsel was appointed on October 24, he asked for a continuance until October 29. The court granted this request. Prior to trial, counsel moved for a mistrial, but did not ask for another continuance. James has not appealed the denial of the motion for the mistrial.

■ We conclude that James is not entitled to relief on the ground that the trial court did not, *sua sponte,* grant a longer continuance than the one he requested. Since we have concluded that James knowingly and intelligently waived his right to counsel, deciding to represent himself, James was responsible for his own dilemma. The trial court granted the only continuance James requested. James would be entitled to relief only if we could conclude that there was plain error. Alaska R.Crim.P. 47(b). We do not find plain error. *See Potts v. State,* 712 P.2d 385, 390

---

1. The Commentary to I ABA Standards for Criminal Justice, § 6–3.6 at 6.39–40 (2d. ed. 1982) states:

   Except in the most unusual circumstances, a trial in which one side is unrepresented by counsel is a farcical effort to ascertain guilt. Thus, once a defendant has clearly and unequivocally declared his or her intention to appear pro se, the trial judge must conduct a thorough inquiry into the circumstances surrounding the assertion.... This inquiry should be incorporated into the trial record ... and should include: advising the defend-

   ant of the right to counsel and the importance of having counsel; warning the defendant of the "dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open'"; and inquiring into the defendant's educational background, previous experience with criminal trials, and general competence.... [T]he defendant must possess the mental competence to understand the dangers and ramifications of self-representation. [Footnotes omitted.]

(Alaska App.1985) (a plain error is one which is obvious and so substantially prejudicial that not correcting the error would create a miscarriage of justice).

James also appeals his sentence. James was convicted of attempted sexual assault in the second degree and three counts of sexual abuse of a minor in the first degree. AS 11.31.100; AS 11.41.420(a)(1); AS 11.-41.434(a)(1). He was subject to sentencing as a third-felony offender.[2] In sentencing James, Judge Hodges concluded that he was required to impose consecutive sentences under AS 12.55.025. Apparently, Judge Hodges reached this conclusion based on this court's decision in *Griffith v. State*, 675 P.2d 662 (Alaska App.1984). Judge Hodges determined that he was required to impose a minimum sentence of seventy-eight years, but concluded that a sentence of this length would constitute "manifest injustice." He therefore referred the case to a three-judge panel for sentencing. AS 12.55.165–.175. The three-judge panel agreed with Judge Hodges that a sentence of seventy-eight years would be manifestly unjust. The three-

judge panel sentenced James to a total of thirty years to serve, with an additional eighteen years suspended.

In *State v. Andrews*, 707 P.2d 900, 907–08 (Alaska App.1985), we clarified the *Griffith* decision and held that AS 12.55.025(e) and (g) did not require the trial court to impose consecutive sentences. Our decision was affirmed by the supreme court in *State v. Andrews*, 723 P.2d 85 (Alaska 1986). Therefore, it is now clear that Judge Hodges was not required to impose sentences totalling seventy-eight years, but could have imposed concurrent sentences. It is therefore necessary for us to refer this case back to the trial court for resentencing in light of *Andrews*.[3]

The conviction is AFFIRMED. The case is REMANDED for resentencing.

**2.** As a third-felony offender, James is subject to a presumptive term of twenty-five years for each first-degree sexual abuse conviction and a presumptive term of three years for the attempted sexual assault conviction. AS 12.55.125(e)(2) and (i)(4).

**3.** As an aid to sentencing, in addition to the *Andrews* case, we refer the trial court to *Han-* *cock v. State* 706 P.2d 1164 (Alaska App.1985), and *Lewis v. State* 706 P.2d 715 (Alaska App. 1985).