**Joseph JAMES, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–2318.**

Court of Appeals of Alaska.

May 27, 1988.

Susan Downie, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellant.

James P. Doogan, Jr., Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

Joseph James was convicted, following a jury trial, of attempted sexual assault in the second degree, a class C felony, and three counts of sexual abuse of a minor in

the first degree, an unclassified felony. AS 11.31.100; AS 11.41.420(a)(1); AS 11.41.434(a)(1). James had previously been convicted of two felonies. As a third felony offender, James was subject to a presumptive term of twenty-five years for each first-degree sexual abuse conviction and a presumptive term of three years for the attempted sexual assault conviction. AS 12.55.125(e)(2) and (i)(4). Superior Court Judge Jay Hodges concluded that he was required to impose consecutive sentences under AS 12.55.025 and this court's decision in *Griffith v. State*, 675 P.2d 662 (Alaska App.1984). Judge Hodges therefore concluded that he was required to impose a minimum sentence of seventy-eight years. He found that a sentence of this length would constitute "manifest injustice." He therefore referred this case to the three-judge panel for sentencing. AS 12.55.165–.175.

The three-judge panel agreed with Judge Hodges that a sentence of seventy-eight years would be manifestly unjust. The three-judge panel sentenced James to a total of thirty years to serve, with an additional eighteen years suspended. James appealed his conviction and sentence to this court.

We originally reversed James' conviction, concluding that the record did not indicate that James knowingly and intelligently waived his right to counsel when he chose to act as his own attorney at his trial. We therefore did not decide James' sentence appeal. *James v. State*, 730 P.2d 811, 815 n. 2 (Alaska App.1987) (*James* I). The state filed a petition for rehearing and asked to supplement the appellate record with a transcript of James' initial arraignment in district court. On rehearing, based on the record as supplemented, we concluded that the record showed that James had knowingly and intelligently waived his right to counsel in choosing to represent himself. *James v. State*, 739 P.2d 1314, 1316 (Alaska App.1987) (*James* II). Inasmuch as we affirmed James' conviction, it was necessary for us to reach James' sentence appeal. In reviewing James' sentence, we noted that in *State v. Andrews*, 707 P.2d 900, 907–08 (Alaska App.1985),

aff'd, 723 P.2d 85 (Alaska 1986), we held that AS 12.55.025 did not require the trial court to impose consecutive sentences. We therefore referred the case back to Judge Hodges for resentencing in light of *Andrews*. *James II*, 739 P.2d at 1317. In resentencing James, Judge Hodges imposed a sentence of thirty years to serve with an additional twenty-three years suspended. Judge Hodges therefore imposed the same sentence as the three-judge panel in terms of the thirty years' imprisonment, but imposed five more years of suspended time.

■ James first argues that Judge Hodges could not impose a sentence on remand that was greater than the sentence which the three-judge panel imposed. James relies on Alaska Appellate Rule 215(a) which requires the court to notify the defendant of the right to appeal the sentence and provides:

(a) At the time of imposition of any sentence of imprisonment of 45 days or more, the judge shall inform the defendant as follows:

(1) that the sentence may be appealed on the ground that it is excessive;

(2) that upon such appeal the appellate court may reduce or increase the sentence, and that by appealing the sentence under this rule, the defendant waives the right to plead that by a revision of the sentence resulting from the appeal he has been twice placed in jeopardy for the same offense.

The record does not show that James was ever warned that his sentence could be increased if he appealed. In *Wilson v. State*, 680 P.2d 1173 (Alaska App.1984), we held that "unless a defendant receives the warning contemplated in [Appellate Rule 215(a)], his sentence may not thereafter be increased on appeal." *Id.* at 1176. Although James' sentence technically was not increased on appeal, but in the trial court, we believe that *Wilson* is controlling. The increase in James' sentence occurred because James exercised his right to appeal the sentence which the three-judge panel imposed. Inasmuch as James was not

warned that his sentence could be increased if he appealed, Judge Hodges had no authority to impose a sentence which was greater than the sentence which the three-judge panel imposed.

The state argues that the sentence imposed by the three-judge panel was illegal. Under *Andrews,* which was decided after the sentencing by the three-judge panel, Judge Hodges had the authority to impose concurrent sentences. Thus, with the benefit of hindsight, it was unnecessary for Judge Hodges to refer the case to the three-judge panel in the first instance. The state argues that the referral to the three-judge panel was unnecessary, and contends that the sentence imposed by the three-judge panel therefore was illegal. The state points out that an illegal sentence may be changed to conform with the law, even if an increase in the sentence results. *State v. LaPorte,* 672 P.2d 466, 468–69 (Alaska App.1983).

[2] We disagree with the state that the sentence which was imposed by the three-judge panel can be considered an illegal sentence which can be increased. Judge Hodges' referral to the three-judge panel was appropriate under *Griffith,* 675 P.2d at 664. Furthermore, the state never objected to the referral to the three-judge panel. Under these circumstances, we conclude that it would be improper to regard the sentence which the three-judge panel imposed as being an illegal sentence which could thereafter be increased.

James next contends that his sentence of thirty years to serve with an additional eighteen years suspended is excessive. At the time of his trial, James was thirty-nine years old. In 1967, in Portland, Oregon, James was convicted of attempting to negotiate a forged check. He was sentenced in 1968 to five years' probation. Ultimately, his probation was revoked and he was sentenced to three years' imprisonment. In 1971, he was convicted of several traffic violations. In 1973, James was convicted of injury to a building. He was sentenced to 365 days in jail and actually served ten months in prison on this charge. In 1974,

he was convicted of sale of marijuana. This conviction constituted the first felony offense for purposes of presumptive sentencing. He was sentenced to a two-year suspended sentence and a $1,000 fine. In 1979, James was convicted of committing lewd acts on a child under the age of sixteen. Former AS 11.15.134(a). According to the presentence report, Jones performed various sexual acts with an eleven-year-old girl, including attempting to have genital intercourse with her. James spent three years in prison as a result of this offense. James was on furlough under AS 33.30.010 for this felony charge at the time of his current offenses. James' current offenses involved, in addition to the attempted sexual assault, forcing fellatio on a ten-year-old boy and attempting to genitally penetrate a nine-year-old girl.

■ Both the three-judge panel and Judge Hodges concluded that James was a dangerous offender for whom a long term of incarceration was necessary to protect the public. Both the three-judge panel and Judge Hodges concluded that James' prospects for rehabilitation were not good. Considering the seriousness of James' current offenses, his lengthy prior record, and the fact that he has been convicted of a similar offense, we conclude that James' sentence of thirty years' imprisonment with an additional eighteen years suspended was not clearly mistaken. *McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974).

Accordingly, we remand the case to Judge Hodges, directing him to enter a judgment sentencing James to thirty years' imprisonment with an additional eighteen years suspended.

The sentence is VACATED and the case REMANDED for resentencing consistent with this opinion.