John Robert **FISCHER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 14–05–00508–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 31, 2006.

Windi Akins, Houston, for appellant.

Eric Kugler, Houston, for appellee.

Panel consists of Chief Justice HEDGES and Justices YATES and GUZMAN.

## MAJORITY OPINION

EVA M. GUZMAN, Justice.

This case presents a question that has never been fully addressed by Texas courts: whether a law enforcement officer's observations of a DWI suspect, dictated on videotape, are admissible as present sense impressions in the suspect's criminal prosecution.[1] Appellant John Robert Fischer was arrested for driving while intoxicated in violation of Texas Penal Code Ann. § 49.04 (Vernon 2003). The arresting officer videotaped the traffic stop during which he administered field sobriety tests to Fischer and dictated his observations and conclusions. After the trial court denied Fischer's motion to suppress the audio component of the videotape, Fischer entered a plea of no contest. On appeal, Fischer contends the trial court reversibly erred in admitting the officer's recorded commentary as a present sense impression because the evidence should have been excluded under Texas Rule of Evidence 803(8)(B) as the functional equivalent of an offense report.

We hold that a law enforcement officer may not avoid the restrictions on the evidentiary use of an offense report by simply dictating the substance of that report. Because we conclude the evidence at issue was erroneously admitted as a present

---

1. Although similar issues have been presented in this and other courts, the merits of the argument have never been fully addressed, either because the issue was waived or because error, if any, was harmless in light of other evidence. Thus, despite its recurrence, there is no binding precedent on this issue. Here, however, the issue has been isolated for review.

sense impression, and that such error affected Fischer's substantial rights, we reverse and remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 29, 2004, Texas Highway Patrol Trooper Abel Martinez was on patrol when he observed Fischer driving without his seatbelt. After Fischer parked his pickup truck in the parking lot of his apartment complex, Martinez approached Fischer. A videotape mounted in Martinez's patrol car recorded the stop.

After informing Fischer that he had been stopped for not wearing a seatbelt, Trooper Martinez stated he smelled alcohol and asked Fischer whether he had any alcohol in the car; Fischer responded that he did not. When Martinez asked Fischer what he had been drinking, Fischer replied "three wines." Martinez then instructed Fischer to remain standing where he was, and Martinez returned to his patrol car. Martinez next verbally recorded that Fischer had "glassy, bloodshot eyes" and "slurred speech" and that he smelled "the strong odor of alcoholic beverage."

Martinez returned to Fischer and directed him to stand "where my light is." This area was off-camera. Martinez then administered a horizontal gaze nystagmus (HGN) test out of the camera's range. After completing the exam, Martinez repeated his instruction to Fischer to stand "where my light is." Martinez then returned to his patrol car and recorded the following statements: "Subject has equal pupil size, equal tracking, has a lack of smooth pursuit in both eyes, and has distinct nystagmus at maximum deviation in both eyes. Subject also has onset of nys-

tagmus prior to forty-five degrees in both eyes." Martinez also verbally recorded that: (1) he saw a wine opener in the truck; (2) upon approaching Fischer's vehicle he smelled a strong odor of alcohol on Fischer's breath; and (3) Fischer had glassy, bloodshot eyes and slurred speech.

Next, Martinez directed Fischer to stand in front of Martinez's patrol car. Martinez administered a heel-to-toe test which was recorded on the videotape. At the conclusion of the test, Martinez told Fischer, "stay right here," and Martinez returned to his vehicle. He then verbally recorded that Fischer had given "several clues," including starting the test too early without being instructed to do so, losing his balance while being given instructions, failing to touch his heel to his toe, stepping off of the line, making an improper turn, and using his hands for balance.

Martinez again returned to Fischer and administered two "one-leg stand" tests. After the tests were completed, Martinez once again instructed Fischer to remain standing where he was and he returned to his patrol car. At his vehicle, Martinez verbally recorded that Fischer "gave several clues," including using his arms for balance, swaying, hopping, and putting his foot down twice. Martinez stated that he gave Fischer "a second chance to do it [and Fischer] indicated the same clues." Martinez concluded, "Subject is going to be placed under arrest for DWI." Martinez then returned to Fischer and arrested him for driving while intoxicated.

On May 4, 2005, Fischer filed a Motion to Suppress DWI Video in which he challenged the proposed evidentiary use of the audio portion of the videotape,[2] claiming that the audio contains "a highly prejudi-

---

2. Fischer does not contest the admission of the video portion of the recording offered by

cial and inflammatory narrative of what [Martinez] would have the viewer to believe [he] was observing and/or what was taking place." According to Fischer, "These self-serving statements are hearsay, bolstering, and highly prejudicial...." Following a hearing, the trial court denied Fischer's motion on the grounds that Martinez's narrative qualified as a present sense impression exception to the hearsay rule.[3] Fischer subsequently entered into a plea agreement and pleaded nolo contendere. In accordance with the plea agreement, the trial court assessed punishment at 180 days' confinement, probated for one year, and a fine of $300.

## II. Issue Presented

In his sole issue, Fischer contends the trial court erred in admitting the audio portion of the videotape recording because it is hearsay and, contrary to the trial court's ruling, does not qualify under the present sense impression exception to the hearsay rule. Specifically, Fischer argues that the audiotaped narrative is the functional equivalent of a law enforcement officer's report of his observations, and is therefore inadmissible under Texas Rule of Evidence 803(8)(B).[4] We interpret Fischer's issue as presenting two overlapping arguments: first, that the evidence

is not admissible as present sense impression, and second, that the evidence consists of a law enforcement officer's observations of matters he had a duty to observe and report, which may not be admitted for the truth of the matters asserted in a criminal prosecution.

## III. Preservation of Error

■ Because the State contends Fischer has not preserved error, we begin our analysis by first addressing this argument.

The State points out that an objection to the admission of evidence must specify and identify the grounds of the objection, and where only part of an exhibit is admissible, the appellant must have made a specific objection to the inadmissible part of the exhibit at trial to preserve his complaint on appeal. *See Hernandez v. State*, 599 S.W.2d 614, 617 (Tex.Crim.App.1980) (op. on reh'g); *Riley v. State*, 988 S.W.2d 895, 898 (Tex.App.-Houston [14th Dist.] 1999, no pet.) (holding that the appellant's "conclusory objection to the entire audio portion [of the offered videotape] was not specific, and is inadequate to preserve this error for appeal"). Fischer concedes that some of Martinez's questions and Fischer's answers would be admissible[5] and asks this court to order a new trial "with the

the State.

3. The State offered, and the trial court admitted, only those statements made prior to the time of Fischer's arrest.

4. When offered for the truth of the matter asserted, Texas Rule of Evidence 803(8)(B) generally bars the admission in a criminal prosecution of reports, in any form, of the observations of matters observed and recorded by law enforcement personnel under a duty imposed by law.

5. A significant portion of the audio recording at issue consists of Trooper Martinez's

questions or instructions to Fischer. These questions and instructions are not statements offered to prove the truth of the matter asserted, and thus, are not inadmissible hearsay. *See* Tex.R. Evid. 801(d) (defining hearsay as a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted); *Girard v. State*, 631 S.W.2d 162, 164 (Tex.Crim.App.1982) (holding that a statement offered only to prove that it was made, and not for the truth of the matter asserted, is not hearsay), *overruled on other grounds, Geesa v. State*, 820 S.W.2d 154 (Tex.Crim.App.1991); *Harrison v. State*, 686

audio portion of the scene tape [sic] redacted to exclude the improper hearsay." Because Fischer does not identify the objectionable portions of the recording by referring to lines on a transcript, elapsed time on the videotape, or by quoting the material, the State contends any error is waived. We disagree.

■ If the defendant's objection or motion to suppress is timely and sufficiently specific to inform the trial court of the nature of the complaint, the complaint is preserved for appeal. *Ex parte Little*, 887 S.W.2d 62, 65–66 (Tex.Crim.App.1994) (addressing objections); *Porath v. State*, 148 S.W.3d 402, 413 (Tex.App.-Houston [14th Dist.] 2004, no pet.) (applying the same standard to motions to suppress). At the hearing on his motion to suppress, Fischer clarified that he objected to the narrative portions of the audio recording, and the record demonstrates the trial court understood his objections:

> Counsel: [My objection to the offered portion of the tape is that Martinez] starts a narrative even before he pulls Mr. Fischer over. He narrates outside the presence of the defendant, gets in his car, makes all these—I mean, grandiose statements that really appear to be being read from something that he's got in his car. We can't see the speaker. All we get to hear is his narration ... I counted five different places where he—he starts his narrative before he stops

the car ... He goes into his car and makes a greater narrative outside the presence of the video recorder and outside the presence of the defendant.

> The Court: You're talking about when he talks about what he observed regarding seat belt, slurred speech, red bloodshot eyes, I smelled the odor of alcohol?

> Counsel: And after every test he performed, he leaves the defendant, goes and gets in his car and narrates.

> The Court: Okay....

> \* \* \* \* \*

> Counsel: It's the same reason we don't let in offense reports, officers put their present sense impressions on the offense reports. We don't let those in and that's because of the—the prejudicial effect far outweighs any probative value. Judge, I'm not clear if on the record, if your—if I have a ruling on that yet and it was in my motion, but I didn't argue it.

> The Court: It probably wasn't on the record. I did understand that to be— it wasn't clear. I did understand that to be your objection, and that is also overruled.

After reviewing the videotape and the transcript of the hearing on the motion to suppress, we conclude the trial court (a) understood that Fischer objected to admission of Martinez's narrative recitation of

S.W.2d 220, 222 (Tex.App.-Houston [1st Dist.] 1984, pet. ref'd) (permitting witness to testify *he heard the complainant ask for a controlled substance* because a question is not hearsay); *see also Jones v. State*, 795 S.W.2d 171, 172, 175 (Tex.Crim.App.1990) (en banc) (holding that police questioning incident to a videotaped sobriety test is an " 'activity normally attendant to arrest and

custody' of a DWI suspect, not 'interrogation' "; holding that the defendant's audible responses are not *per se* inadmissible following a request for counsel; and admitting the videotape in which officer "made no comments other than those necessary to inform appellant of her rights, determine whether she understood her rights, and instruct her concerning the sobriety tests.").

his observations, (b) understood the grounds for Fischer's objections, and (c) ruled on the objections. Accordingly, we hold Fischer preserved error.

## IV. STANDARD OF REVIEW

Generally, a trial court's ruling on a motion to suppress is reviewed under an abuse of discretion standard. *Dyar v. State,* 125 S.W.3d 460, 462 (Tex.Crim.App. 2003). When there are no written findings in the record, we must view the evidence in the light most favorable to the trial court's ruling and uphold the ruling on any theory of law applicable to the case. *State v. Ross,* 32 S.W.3d 853, 855–56 (Tex.Crim. App.2000). But, if the case presents a question of law based on undisputed facts, we perform a de novo review. *Mason v. State,* 116 S.W.3d 248, 256 (Tex.App.-Houston [14th Dist.] 2003, pet. ref'd) ("The court reviews *de novo* those questions not turning on credibility and demeanor.").

## V. DISCUSSION

### A. Context of Fischer's Argument

■ Fischer objected to the admission of Martinez's narrative on the grounds that his comments were hearsay. The general rule against the admission of hearsay statements is based on their inherent unreliability. *See Green v. State,* 876 S.W.2d 226, 228 (Tex.App.-Beaumont 1994,

no pet.) However, certain exceptions to that rule have been created for statements which have other indicia of reliability. *See Rabbani v. State,* 847 S.W.2d 555, 560 (Tex.Crim.App.1992) (en banc) (discussing indicia of reliability underlying present sense impression exception); *Sneed v. State,* 955 S.W.2d 451, 453 (Tex.App.-Houston [14th Dist.] 1997, pet. ref'd) (noting exceptions to hearsay rule are based on trustworthiness of certain evidence). A present sense impression is one such exception to the hearsay rule, and it is this exception that the trial court applied in admitting the evidence.[6] *See* TEX.R. EVID. 803(1). Fischer contends that Martinez's narrative is not admissible as a present sense impression but is instead an offense report that cannot be admitted for the truth of the matter asserted in his prosecution.

Rule 803(8)(B) excludes the following materials from the general rule excluding hearsay: "[R]ecords, reports, statements, or data compilations, in any form, of public offices or agencies setting forth matters observed pursuant to duty imposed by law as to which matters there was a duty to report, *excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel . . . .*" (emphasis added).[7] On its face, Martinez's recording consists of matters observed by a law enforcement officer as described in Rule 803(8)(B). Thus, Fisch-

6. After hearing arguments from Fischer's counsel, the trial court stated, "Well, I think it's okay; and I think it's clearly present sense impression in accordance with the rules of evidence."

7. Although Rule 803(8)(B) would appear to bar the use of such evidence by the defense as well as by the prosecution, courts have construed the rule to permit the use of such report by a defendant. *See Perry v. State,* 957 S.W.2d 894, 898 n. 1 (Tex.App.-Texarkana

1997, pet. ref'd) ("[E]valuative reports . . . are admissible only in civil cases and against the government in criminal cases in view of the almost certain collision with confrontation rights which would result from their use against the accused in a criminal case.") (quoting FED.R.EVID. 803(8), Advisory Committee's Note); *United States v. Smith,* 521 F.2d 957 (D.C.Cir.1975).

er argues that Martinez's recorded narrative is the functional equivalent of a law enforcement officer's report of his observations and should have been excluded.[8] *See Gomez v. State*, 35 S.W.3d 746, 748 (Tex. App.-Houston [1st Dist.] 2000, pet. ref'd) (stating that a police officer's offense report "is not admissible because it is expressly excepted from the exclusion to the hearsay rule for public records under Rule of Evidence 803(8)(B)."); *Thompson v. State*, No. 12–03–00014–CR, 2003 WL 22839810, at *4 (Tex.App.-Tyler Nov.26, 2003, pet. ref'd) (mem. op., not designated for publication) (holding that the trial court erred in admitting the audio portion of a videotape containing a police officer's commentary while following the defendant because such commentary is hearsay and does not fall within an exception for admission at trial).[9]

The State responds that Texas courts have not yet addressed the question of whether the observational statements of law enforcement personnel made during an investigation and captured on videotape constitute a present sense impression. Consequently, the State urges us to look to selected cases from other jurisdictions and from the federal courts for guidance.

The State first relies on *State v. Blubaugh*, 904 P.2d 688 (Utah Ct.App.1995). In *Blubaugh*, the appellant challenged the trial court's admission of a police officer's videotape of the appellant's home, and argued, *inter alia*, that the audio portion of the videotape containing a narrative by one of the officers was hearsay. *See id.* at 700. The court of appeals upheld the trial court's ruling, concluding that "[b]ecause the officer's narrative was made while per-

**8.** Martinez is a Texas Highway Patrol trooper, and the Texas Highway Patrol is a division of the Department of Public Safety ("DPS"). DPS "is an agency of the state to enforce the laws protecting the public safety and provide for the prevention and detection of crime." TEX. GOV'T CODE ANN. § 411.002(a) (Vernon 2005).

**9.** We have found no binding precedent addressing the merits of the specific argument Fischer raises. *See Evans v. State*, No. 14–05–00332–CR, 2006 WL 1594000, at *1 (Tex. App.-Houston [14th Dist.] June 13, 2006, no pet. h.) (mem. op., not designated for publication) ("The tape shows that, several times during the interview, Trooper Martinez [the arresting officer] stepped away from the appellant and narrated his conclusions about the appellant's performance [on intoxication tests].... However, the videotape was admitted at trial after the jury had already heard Martinez testify to virtually the same matters on direct examination without objection. Because the complained-of narrative on the videotape was therefore merely cumulative of Martinez's testimony on direct examination, any error in its admission does not require reversal."); *Thompson*, 2003 WL 22839810, at *4 ("[The officer]'s commentary on the audio portion of the videotape ... are matters

observed by a police officer in a criminal case.... Because [the officer's] remarks are hearsay and do not fall within an exception to the rule, the trial court erred in admitting his commentary on the audio portion of the videotape...."). However, Texas would not be the first state to consider whether a law enforcement officer's recorded observations are admissible as a present sense impression or must be excluded under the equivalent of our Rule 803(8)(B). In *Wilson v. State*, 680 P.2d 1173 (Alaska Ct.App.1984), the appellate court considered the admissibility of an officer's observations recorded in the course of stopping a suspect on suspicion of driving while intoxicated. The trial court allowed the tape to be played for the jury over appellant's hearsay objection, ruling that the trooper's recorded observations were not hearsay because he was available to testify as a witness subject to cross-examination. *Id.* at 1178. The appeals court concluded that the trial court erred, explaining that, although the officer's comments were "arguably present sense impressions," the statements "were, in effect, his report on the incident; as such, they did not fit within any exceptions to the hearsay rule." *Id.* The court did not explain its reasoning for reaching this conclusion.

ceiving defendant's home, the narrative was admissible hearsay" under Utah Rule of Evidence 803(1). *Id.* However, the *Blubaugh* opinion contains no discussion of whether the tape was inadmissible under the Utah analogue of Rule 803(8)(B).[10] Moreover, there is no indication that the appellant objected to the narrative on the grounds that, although the evidence arguably qualified as a present sense impression and would normally be excepted from the hearsay rule, it nevertheless was inadmissible because the evidence consisted of the observations of law enforcement personnel offered for the truth of the matter asserted. Thus, the narrow issue before us was not presented in *Blubaugh,* but rather, appears to have been waived.

The State also relies on *Green,* 876 S.W.2d at 227–28 (finding no error in trial court's admission of police officer's testimony repeating the present sense impressions of witnesses running from gunfire); *Houston Oxygen Co. v. Davis,* 139 Tex. 1, 5–6, 161 S.W.2d 474, 476–77 (Tex.1942) (holding the trial court erred in failing to admit into evidence in a civil case the present sense impressions of witnesses regarding the speed of passing car); *United States v. Hawkins,* 59 F.3d 723, 730 (8th Cir.1995) (finding the trial court did not err in admitting tape of appellant's wife's 911 call as a present sense impression), *vacated on other grounds,* 516 U.S. 1168, 116 S.Ct. 1257, 134 L.Ed.2d 206 (1996). But, these cases contain no indication that the declarant was a law enforcement officer and do not raise the question of wheth-

er the narrative observations of law enforcement personnel are admissible under facts similar to those presented here. Specifically, a review of Martinez's comments on the videotape reveals what can only be interpreted as a clinical recitation of observations that would generally have been the subject of a written offense report. The difference here is that Martinez recorded his observations contemporaneously with the investigation, in addition to any written records of his observations that he may have prepared after Fischer's arrest.

In sum, the comments Martinez narrated out of Fischer's presence show that Martinez essentially dictated the substance of an offense report:

Stop ... [unintelligible] wasn't wearing his seatbelt.

I observed the offense at Space Center Boulevard and NASA Road One.

Subject has glassy, bloodshot eyes, also has slurred speech, smelled the strong odor of alcoholic beverage.

Subject has equal pupil size.

Subject has equal pupil size, equal tracking, has a lack of smooth pursuit in both eyes, and has distinct nystagmus at maximum deviation in both eyes.

Subject also has onset of nystagmus prior to forty-five degrees in both eyes. See no vertical nystagmus ... I see a wine opener inside the truck. When I approached the vehicle, I smelled a strong odor of alcohol beverage coming

---

**10.** For the same proposition, the State also refers us to *United States v. Rideout,* 80 Fed. Appx. 836, 843 (4th Cir.2003) (unpublished), *vacated on other grounds,* 543 U.S. 1116, 125 S.Ct. 1109, 160 L.Ed.2d 989 (2004). In *Rideout,* the court notes only that Federal Rule of Evidence 803(1) permits the admission of present sense impressions and states that the

appellant's "blanket objection" gave the court "no reason to doubt that any narration heard by the jury fit within this rule." The question of whether Federal Rule of Evidence 803(8)(B) rendered the evidence inadmissible in a criminal prosecution was not addressed. As in *Blubaugh,* there is no indication the issue was raised.

from his breath. It got more intense as he spoke to me out here. He's got glassy, bloodshot eyes. He's got slurred speech.

Subject gave several clues: tried to start too soon without being instructed to do so, lost balance while he was standing in position and I was giving instructions, failed to touch heel to toe several times, stepped off line two times, made an improper turn, used hands for balance.

Subject gave several clues: used his arms for balance, swayed while balancing, hopped while doing the test, put his foot down twice ... He indicated the same clues.

Considering Martinez's comments on the videotape as they are presented in this case, we address the narrow question of whether the trial court erred by holding, in effect, that by making a contemporaneous recording, Martinez converted observations that would generally be the subject of a report by law enforcement personnel, and hence inadmissible in a criminal prosecution for the truth of the matter asserted, into an admissible present sense impression.[11]

**B. The Rationale for Admitting Present Sense Impressions**

■■■ A present sense impression is a statement describing or explaining an event or condition made while the declar-

ant was perceiving the event or condition, or immediately thereafter. Tex.R. Evid. 803(1). The present sense impression exception to the hearsay rule is based upon the premise that the contemporaneity of the event and the declaration ensures reliability of the statement. *Brooks v. State*, 990 S.W.2d 278, 287 (Tex.Crim.App.1999). The rationale underlying the present sense impression is that: (1) the statement is safe from any error of the defect of memory of the declarant because of its contemporaneous nature, (2) there is little or no time for a calculated misstatement, and (3) the statement will usually be made to another (the witness who reports it) who would have an equal opportunity to observe and therefore check a misstatement. *Rabbani*, 847 S.W.2d at 560; *Esparza v. State*, 31 S.W.3d 338, 342 (Tex.App.-San Antonio 2000, no pet.).

Certain properties of present sense impressions render them more reliable than other hearsay statements, and hence, admissible. But, the factors that render present sense impressions reliable may not apply to the observations of law enforcement personnel. Regarding the first *Rabbani* factor, present sense impressions are admissible because the statement is "safe from any error of the defect of memory of the declarant because of its contemporaneous nature." *Rabbani*, 847 S.W.2d at 560. However, in construing Rule 803(8)(B), the Court of Criminal Appeals has stated that

---

11. Because Fischer pleaded nolo contendere based on the trial court's ruling on his motion to suppress, this issue has been isolated, and we are not presented with alternative bases for admitting the evidence. For example, no other evidence was admitted against Fischer, so the narrative is not cumulative of other evidence. *Cf. Evans*, 2006 WL 1594000, at *1 (holding that "the complained-of narrative on the videotape was ... merely cumulative of Martinez's testimony on direct examina-

tion...."). Because Martinez did not testify, his narrative is not admissible as a prior statement under Rule 801(e)(1). The audio recording is also inadmissible as a business record. *See Cole v. State*, 839 S.W.2d 798, 811–12 (Tex.Crim.App.1990) (en banc) (op. on reh'g). Although the State did not identify the exception to the hearsay rule on which it relied, we find no other potential basis for admission other than that stated by the trial court.

observations of law enforcement personnel are unreliable not because there is a time lapse between the time the observation is made and the time it is recorded, but because the observations are made in an adversarial setting. *See Cole v. State,* 839 S.W.2d 798, 808–09 (Tex.Crim.App.1990) (en banc) (op. on reh'g). Because contemporaneous recording of the officer's observations does not address the cause of their unreliability—i.e., the adversarial relationship between the officer and the defendant—the observations are not made more reliable simply because they are recorded contemporaneously.

Under the second *Rabbani* factor, present sense impressions are presumed reliable because "there is little or no time for a calculated misstatement." *Rabbani,* 847 S.W.2d at 560. We do not presume that recordings of law enforcement personnel's observations are unreliable because the officers have time between observing and recording to fabricate a misstatement, but because law enforcement personnel and those under their observation are adversaries. The adversarial relationship is unrelated to the temporal relationship between an officer's observations and his recording of those observations. *See Perry v. State,* 957 S.W.2d 894, 898–99 (Tex. App.-Texarkana 1997, pet. ref'd) (stating that police reports are excluded from criminal matters "based on the presumption that observations by an officer at a scene of a crime are not as reliable as observations by other public officials ... due to the adversarial nature of the confrontation between the defendant and the police in the criminal context."). Moreover, this *Rabbani* factor presumes that the observer requires some time between making the observation and recording the

observation to create a fabricated misstatement and discounts the possibility that the declarant could decide upon the content of his misstatement prior to, contemporaneously with, or in lieu of the observation. Although that risk exists with any present sense impression, the risk is magnified here because the parties occupy adversarial positions and the declarant has "an inherent motive to distort" the report. *See Garcia v. State,* 868 S.W.2d 337, 341 (Tex.Crim.App.1993) (stating that, in determining whether a report was prepared by "law enforcement personnel," courts should consider whether the declarant's position gave him "an inherent motive to distort" the report of his observations). Additionally, the State identified Martinez as an "expert in detection of intoxicated individuals, [and] administration of Standardized Field Sobriety Tests including the Horizontal Gaze Nystagmus Test. . . ." As applied to this case, the *Rabbani* presumption that a statement describing an observation is more reliable if made contemporaneously implies that Martinez required time *after* making the observation to calculate a statement. However, it is equally reasonable to presume that Martinez, as an expert, was fully cognizant of the signs necessary to prove intoxication before he made any observations of Fischer. The presumption that contemporaneity increases reliability is less persuasive on these facts, when applied to the unsworn observations of an adversarial expert witness at the scene of the investigation and arrest.[12]

## C. The Requirements for Admitting Present Sense Impressions

■ Although the factors discussed above illustrate the underlying rationale

---

**12.** Reports of the observations of law enforcement personnel are not excluded because the reporting law enforcement personnel is in fact distorting the truth but because, as the Court of Criminal Appeals indicated in *Cole,* the declarant has a motive to distort the truth.

for admitting present sense impressions, "a general justification for admission is not the same as a requirement." 2 George E. Dix et al., *McCormick on Evidence* § 271, at 254 (Henry Brandis, ed., 6th ed.2006). In considering those requirements, we are mindful that the Texas Rules of Evidence "are patterned after the Federal Rules of Evidence, and cases interpreting federal rules should be consulted for guidance as to their scope and applicability...." *Cole*, 839 S.W.2d at 801.

To be admissible as a present sense impression, a statement must (a) describe or explain an event or condition, (b) be expressed by the person who made the observation, and (c) be made contemporaneously with or immediately after the observation. *See* Tex.R. Evid. 803(1). Opinions and calculated statements do not qualify as present sense impressions. *See Houston Oxygen Co.*, 139 Tex. at 6, 161 S.W.2d at 476 (admitting a present sense impression made when "[t]here was no time for a *calculated statement.*") (emphasis added); *Anderson v. State*, 15 S.W.3d 177, 183–84 (Tex.App.-Texarkana 2000, no pet.) (holding the trial court erred in admitting victim's out-of-court statements that she was afraid of the appellant because "[the statements] express an opinion or conclusion...."); *Beauchamp v. State*, 870 S.W.2d 649, 652 (Tex.App.-El Paso 1994, pet. ref'd) ("We do not believe that a statement of *opinion* about a condition or event, as opposed to a statement of description or explanation about some-

thing observed or otherwise sensed, qualifies as a present sense impression."). Some courts and commentators additionally state that a narrative does not qualify as a present sense impression. *See, e.g., Cody v. Harris*, 409 F.3d 853, 860 (7th Cir.2005) ("The three criteria for admission of a statement as a present sense impression are: '(1) the statement must describe an event or condition *without calculated narration*; (2) the speaker must have personally perceived the event or condition described; and (3) the statement must have been made while the speaker was perceiving the event or condition, or immediately thereafter.'") (emphasis added) (quoting *United States v. Ruiz*, 249 F.3d 643, 646 (7th Cir.2001)); *United States v. Mitchell*, 145 F.3d 572, 576 (3d Cir.1998) ("[T]he declaration must be an explanation or description of the event rather than a narration ...." (citing 5 Joseph M. McLaughlin, *Weinstein's Federal Evidence* § 803.03 (2d ed.1997) and 2 John William Strong, *McCormick on Evidence* § 271 (4th ed.1992))); *Alexander v. Cit Tech. Fin. Servs., Inc.*, 217 F.Supp.2d 867, 882–83 (N.D.Ill.2002) ("the statement must describe an event or condition without calculated narration ...." (citing *United States v. Earley*, 657 F.2d 195 (8th Cir.1981))); *Peterkin v. Horn*, 176 F.Supp.2d 342, 361 (E.D.Pa.2001) ("[T]he declaration must be an explanation or description of the event rather than a narration...."); *United States v. DesAnges*, 921 F.Supp. 349, 359 n. 8

*Cole*, 839 S.W.2d at 808. Thus, we do not imply that Martinez's recorded narrative actually contains a calculated misstatement; in fact, some of the observations Martinez records describe Fischer's actions visible on the video portion of the tape. Rather, we point out that the circumstances under which Martinez made and recorded his observations render the audio report of the tape unreliable

as evidence, regardless of the accuracy of the observations it records. *See Pondexter v. State*, 942 S.W.2d 577, 585 (Tex.Crim.App. 1996) (en banc) ("We know that the reason for Federal Rule of Evidence 803(8)(B), after which the Texas rule was modeled, was the *presumed unreliability* of observations that are made by officers at the scene of a crime." (emphasis added)).

(W.D.Va.1996) (noting that present sense impressions are "highly trustworthy" because "there is little or no time for calculated misstatement...."); *Green v. St. Francis Hosp., Inc.,* 791 A.2d 731, 736 (Del.2002) (in interpreting Delaware's present sense impression rule, which mirrors the Texas and federal rules, and stating that an admissible present sense impression must not be a narration); *Donahue v. Commonwealth,* 225 Va. 145, 300 S.E.2d 768, 772 (1983) (excluding a note offered as a present sense impression because it "was more akin to a narrative statement than [a] contemporaneous declaration ...."); *see also Houston Oxygen Co.,* 139 Tex. at 6, 161 S.W.2d at 476 (admitting a present sense impression made when "[t]here was no time for a *calculated statement.*") (emphasis added); *United States v. Guevara,* 277 F.3d 111, 127 (2d Cir.2001) (affirming trial court's exclusion of conversations recorded by police officer and stating that the trial court's "determination that [the declarant's] statements did not constitute 'present sense impressions' or 'excited utterances' because they were conclusions based upon information [the declarant] had processed rather than contemporaneous or spontaneous statements that were inherently trustworthy, was neither arbitrary nor irrational.").

Not all courts expressly exclude narratives from present sense impressions, as is illustrated by two of the cases on which the State relies. *See United States v. Rideout,* 80 Fed.Appx. 836, 843 (4th Cir. 2003) (not designated for publication), *vacated on other grounds,* 543 U.S. 1116, 125 S.Ct. 1109, 160 L.Ed.2d 989 (2005); *Blubaugh,* 904 P.2d at 700.[13] However, as the cases cited above illustrate, the majority of courts that have considered whether narratives qualify as present sense impressions hold that they do not.

Moreover, our analysis is unaffected by *Rideout* and *Blubaugh,* cited previously. Inasmuch as *Rideout* has been vacated, we do not find it more persuasive than the many federal cases holding narratives inadmissible as present sense impressions. We also find *Blubaugh* unpersuasive. In *Blubaugh,* the appellant was convicted of the murder of a child, and among the other issues raised on appeal, he challenged the trial court's admission of a videotape of his messy home. *Blubaugh,* 904 P.2d at 699. The appellate court held that the tape was irrelevant: aside from presenting an unnecessary view of the location of the crime, it provided no evidence of the crime charged. *Id.* at 700. However, the court found the trial court's error in admitting the video harmless because the case turned on other evidence. *Id.* The trial court also overruled the appellant's objection to a police officer's narrative contained in the audio portion of the same tape. Citing Utah Rule of Evidence 803(1), the appellate court stated, "Because the officer's narrative

---

**13.** We further note that some state rules of evidence differ from the federal and Texas rules and follow a "recent perception" exception to the hearsay rule rather than a "present sense impression" exception. A statement of recent perception is defined as a "statement, not in response to the instigation of a person engaged in investigating, litigating, or settling a claim, which narrates, describes, or explains an event or condition recently perceived by the declarant, made in good faith, not in contemplation of pending or anticipated litigation in which the declarant was interested, and while the declarant's recollection was clear...." *State v. Haili,* 103 Hawai'i 89, 79 P.3d 1263, 1274 (2003); *see also State v. Manuel,* 281 Wis.2d 554, 697 N.W.2d 811, 819 (2005); *State v. Ross,* 122 N.M. 15, 919 P.2d 1080, 1085–86 (1996).

was made *while perceiving defendant's home*, the narrative was admissible hearsay." *Id.* (emphasis added). Because no other description of the narrative is given, we presume the narrative consists of the officer's perceptions of the home. Thus, the video and audio portions of the tape would both seem to present irrelevant evidence concerning appellant's residence. Considering that the trial court's admission of the video was held to be harmless error based on its content, we do not find the opinion well-reasoned in holding a narrative of similar content admissible. Accordingly, we conclude that narratives as well as opinions and calculated statements are not admissible as present sense impressions.

### D. Application to the Martinez Audio Recording

■ After a careful review of the recording at issue, we hold that Martinez's recorded commentary does not qualify as a present sense impression. Instead, his comments are a calculated narrative statement in which Martinez does not merely explain or describe events, but participates in and even creates some of the events he reports in the course of collecting evidence. For example, most of Martinez's observations simply describe Fischer's responses to the sobriety tests that Martinez selected and administered and about which he was designated as an expert witness at trial. If Martinez had not chosen to conduct these tests, there would have been no response for him to observe. It therefore appears that Martinez recorded his comments not as an objective observer, but as

a law enforcement officer, as a lay witness, and as an expert witness cataloging evidence and opinions for use in Fischer's prosecution. *See Emerson v. State*, 880 S.W.2d 759, 769 (Tex.Crim.App.1994) (en banc) (stating that a witness may testify regarding a defendant's performance on the horizontal gaze nystagmus test if the witness is qualified as an expert in the administration and technique of the test); *Plouff v. State*, 192 S.W.3d 213, 223 (Tex. App.-Houston [14th Dist.] 2006, no pet. h.) (stating that an officer's testimony based on observations of the one-leg stand and walk-and-turn test "is considered lay witness *opinion* testimony under TEX.R. EVID. 701 ....") (emphasis added). As previously noted, statements of opinion, whether of a lay witness or an expert, are not present sense impressions. *See Anderson*, 15 S.W.3d at 183–84.

■ Moreover, we agree with Fischer's contention that, under the facts presented in this case, Martinez's narrative is the functional equivalent of a police report or offense report offered for the truth of the matter asserted.[14] First, the observations and the recording were made in an adversarial setting. Martinez begins by stating that he observed Fischer driving without a seatbelt, and the video shows that Martinez followed Fischer to the parking lot of his apartment complex where he stopped Fischer. Martinez then stated he smelled alcohol and investigated whether Fischer had committed the offense of driving while intoxicated. This investigation culminated in Fischer's arrest. Thus, Martinez's comments cannot be construed as anything other than the

---

14. Because matters observed by law enforcement personnel are an exception to the general rule that "[r]ecords, reports, statements, or data compilations, *in any form*, of public offices or agencies" may be considered for ad-

mission, Rule 803(8)(B) does not require courts to consider the form in which the observation is recorded in determining whether it is admissible or must be excluded. *See* TEX.R. EVID. 803(8) (emphasis added).

observations of law enforcement personnel "at the scene of the crime or the apprehension of the defendant" that are specifically targeted by Rule 803(8)(B). *See* S.Rep. No. 93–1277 (1974), *as reprinted in* 1974 U.S.C.C.A.N. 7051, 7054; *Cole,* 839 S.W.2d at 811–12 (quoting legislative history of FED.R.EVID. 803(8)(B) and stating that the Rule does not "exclude only 'offense reports' pertaining to observations at the scene of the crime or arrest ...."); *see also Baker v. State,* 177 S.W.3d 113, 122–23 (Tex.App.-Houston [1st Dist.] 2005, no pet.) ("[H]ad the State attempted to offer Officer Green's actual report into evidence to prove that the observations contained in it were true, the report would properly have been excluded as inadmissible hearsay under rule 803(8)(B), given that Officer Green is a law-enforcement officer and that the report he prepared contains his observations."); *United States v. Quezada,* 754 F.2d 1190, 1194 (5th Cir.1985) (distinguishing documents "recording routine, objective observations" from those excluded by FED.R.EVID. 803(8)(B) on the grounds that "the factors likely to cloud the perception of an official engaged in the more traditional law enforcement functions of observation and investigation of crime are simply not present."); *State v. Leonard,* 104 Ohio St.3d 54, 2004–Ohio–6235, 818 N.E.2d 229, 258 (Ohio 2004) ("The police reports are inadmissible hearsay and should not have been submitted to the jury.").[15]

Martinez's observations were made and recorded as part of his investigation of a crime and were made in connection with a specific criminal case. Thus, we are presented here with precisely the type of evidence singled out as unreliable by Rule 803(8)(B). The narrative was made (a) at the scene of the traffic stop, (b) by the investigating and arresting trooper, (c) in the course of investigating (d) and arresting the person about whom the observations were made, and (e) the statements at issue were made outside of the presence of the person observed. Under these circumstances, admitting this report simply because it was dictated contemporaneously with or immediately after making the observations it contains would be "inconsistent with the intended effect" of Rule 803(8)(B). *See Cole,* 839 S.W.2d at 806.

Because the recorded narrative does not qualify for admission as a present sense impression and must be excluded as the report of a law enforcement officer's observations made and recorded pursuant to a duty imposed by law, we hold that the trial court erred in denying Fischer's motion to suppress.

### E. Harm Analysis

 The erroneous admission of hearsay is nonconstitutional error. *See Johnson v. State,* 967 S.W.2d 410, 417 (Tex.Crim.App.1998). Nonconstitutional errors require reversal only if they affect substantial rights. TEX.R.APP. P. 44.2(b); *see also Anderson v. State,* 182 S.W.3d 914, 919 (Tex.Crim.App.2006) ("The question for us to decide in applying Rule 44.2(b) to the failure to give an admonition is, considering the record as a whole, do we have a fair assurance that the defendant's *decision to plead* guilty would not

---

**15.** We do not imply that Rule 803(8)(B) excludes the admission of all law enforcement reports under all circumstances; rather, we address the specific situation before us, in which aside from the statements of opinion previously discussed, the reported statements consist of the law enforcement officer's observations offered for the truth of the matter asserted against a defendant in a criminal case.

have changed had the court admonished him?") (emphasis added).

Before the trial court ruled on Fischer's motion to suppress, the case was set for a jury trial. After the trial court denied the motion, Fischer entered into a plea agreement with the State. Fischer's counsel stated on the record that if the motion had been granted, Fischer would not have entered a plea of nolo contendere but would have tried the case. Because the right to a jury trial in a criminal prosecution is guaranteed by the federal and Texas constitutions,[16] the erroneous admission of Martinez's recorded narrative affected Fischer's substantial rights.

## VI. Conclusion

For the reasons set forth above, we hold the trial court committed harmful error in admitting the audio recording at issue. Therefore, we reverse and remand this cause for proceedings consistent with this opinion.

YATES, J., concurring.

LESLIE BROCK YATES, Justice, concurring.

I agree with the majority's conclusion that Martinez's narrative statements on the DWI videotape do not constitute a present sense impression. I disagree, however, with the majority's additional analysis that Rule 803(8)(B) makes his statements inadmissible irrespective of the present sense impression analysis.

Generally, each hearsay exception should be analyzed independently because "evidence which is inadmissible under one hearsay exception may often be admissible under another exception." *Cole v. State,* 839 S.W.2d 798, 811 (Tex.Crim.App.1991) (op. on reh'g). The Court of Criminal Appeals in *Cole* departed from this general rule in holding that hearsay inadmissible under Rule 803(8)(B) could not be admitted as a business record under Rule 803(6), relying on *United States v. Oates,* 560 F.2d 45, 77 (2d Cir.1977). *See Cole,* 839 S.W.2d at 810–11. The Second Circuit in *Oates* held that "police and evaluative reports not satisfying [Federal Rule of Evidence] 803(8)(B) and (C) may not qualify for admission under [Federal Rule of Evidence] 803(6) *or any of the other exceptions to the hearsay rule,*" 560 F.2d at 77 (emphasis added), thereby effectively elevating Rule 803(8)(B) above the other hearsay exceptions. The *Cole* court carefully limited its holding to Rule 803(6), noting that other courts had criticized *Oates* as being too broad and that the Second Circuit itself had characterized the portion of *Oates* regarding other hearsay exceptions as dictum. *See Cole,* 839 S.W.2d at 810; *see also United States v. Yakobov,* 712 F.2d 20, 26 & n. 6 (2d Cir.1983) (noting that *Oates* has been "strongly criticized" and concluding that language referring to hearsay exceptions other than Rule 803(8)(B) was dictum); *United States v. Sokolow,* 91 F.3d 396, 404 (3d Cir.1996) ("Criticizing *Oates* as an unduly broad interpretation of Rule 803(8), many courts have declined to import the limitations of Rule 803(8)(B) and (C) into other hearsay exceptions." (footnote omitted)); *United States v. Picciandra,* 788 F.2d 39, 44 (1st Cir.1986) (declining to apply *Oates* to other hearsay exceptions); *United States v. Sawyer,* 607 F.2d 1190, 1193 (7th Cir.1979) (studying congressional intent in concluding that the *Oates* rationale is too broad and should not apply to all hearsay excep-

16. U.S. CONST. Amend. VI; TEX. CONST. Art. I, § 10.

tions). I agree that the factors rendering hearsay unreliable under Rule 803(8)(B) are relevant in assessing whether Martinez's statements constitute a present sense impression. However, the majority implies that Rule 803(8)(B) excludes the admission of *all* law enforcement reports, regardless of whether they fall within some other recognized hearsay exception. It is with this conclusion that I disagree.