**Affirmed and Memorandum Opinion filed February 4, 2021.**



In The

# Fourteenth Court of Appeals

## NO. 14-19-00934-CR

**MONTERIOUS ROBINSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 183rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1571033**

## M E M O R A N D U M   O P I N I O N

Monterious Robinson pleaded guilty to the second-degree felony offense of robbery by threat, and the trial court placed him on deferred adjudication community supervision for five years. *See* Tex. Penal Code § 22.02(a)(2). The State moved to adjudicate his guilt based on alleged violations of certain community supervision conditions. After the revocation hearing, the trial court found that appellant violated a term of community supervision by committing new offenses as alleged in the

motion to adjudicate. The court then adjudicated appellant guilty of robbery by threat and sentenced him to eighteen years' confinement.

In two issues, appellant contends that the trial court erroneously admitted evidence over his hearsay and confrontation clause objections. Finding no merit to either contention, we affirm.

## Background

A grand jury indicted appellant for the offense of aggravated robbery, but he pleaded guilty to a reduced charge of robbery. The trial court deferred adjudication of the charge and placed appellant on community supervision for five years. The State moved to adjudicate appellant's guilt, alleging that during the five-year community supervision period appellant committed two new criminal offenses, namely aggravated robbery and criminal trespass.

At the hearing on the State's motion to adjudicate, Houston Police Department ("HPD") Sergeant Jennifer Kennedy testified that she was patrolling an apartment complex in Harris County in May 2019 when she encountered a car that had been reported stolen in an aggravated robbery earlier that morning. From an unmarked vehicle, Sergeant Kennedy surveilled the subject car to determine whether anyone matching the robbery suspects' descriptions approached or attempted to access it. During her testimony, the following exchange occurred:

> Q. Did you ever come across any suspects that matched the description from the aggravated robbery?
>
> A. We did.
>
> Q. And tell us about that.
>
> [Defense Counsel]: I'm going to object. It calls for speculation and hearsay as to what was told to her.
>
> THE COURT: That objection is overruled.

2

According to Sergeant Kennedy, she saw two males who fit the robbery suspects' descriptions near the vehicle, and another HPD officer saw one of the suspects remove a gun from his clothes and wave it in the air. Marked HPD units soon arrived, and both suspects ran up a flight of stairs and into an apartment, which was occupied by several people, including children.

Sergeant Kennedy and other HPD officers ordered all occupants out of the unit. Not seeing the suspects, the officers searched the apartment and found appellant and his co-defendant hiding in closets. The apartment's tenant indicated to Sergeant Kennedy that neither suspect was permitted to be in the apartment. After a further consensual search, officers found a gun in the closet where appellant's co-defendant was hiding. HPD officers arrested appellant, and he was charged with criminal trespass. The trial court admitted into evidence an HPD officer's body camera video recording, with the audio muted, documenting these events.

After hearing the evidence, the trial court found true the State's allegation that appellant violated a term of his community supervision, as alleged in the motion to adjudicate. The court then adjudicated appellant guilty of robbery, and the parties turned to the issue of punishment.

The only witness to testify during the punishment phase was Harris County Sheriff's Office Sergeant Larry Franks. Sergeant Franks was the supervisor of the Tactical Intelligence Unit, which was responsible for monitoring jail calls at the Harris County Jail. He explained the recording process for jail calls: each inmate (as identified by fingerprints) is assigned a unique "spin" number, and when an inmate makes a jail call, he must input his spin number. Through Sergeant Franks, the State proffered an exhibit containing recordings of several jail phone calls purportedly made by appellant. Appellant raised the following objections:

3

[Defense Counsel]: Your Honor, I would object based on, number one, there's no proof that the person recorded on this voice is the Defendant's voice. And just because there's a recording, there is nobody here to testify, "I have heard Mr. Robinson's voice and this is Mr. Robinson's voice."

The second objection I would have is that the person on the other end of that phone, whoever an inmate is talking to, is hearsay. And I would object on hearsay and right to confront and cross-examine whoever is on the other end of that telephone call. So, at this point there is no proof that the person's voice on the recording is indeed the Defendant.

THE COURT: I understand your objection.

[Defense Counsel]: And I object.

[Prosecutor]: Your Honor, these four jail calls are tied specifically to the Defendant's spin number, which I think is sufficient to get the evidence in. And anything else, whether it's him or not, goes to its weight, not admissibility.

As far as any of the other statements on here, I only plan on playing a couple minutes of the Defendant's statement himself. And anything else that might be in there is not being offered for the truth of the matter, but for the effect on the listener, being the Defendant, and statements are not hearsay.

THE COURT: All right. The objections are overruled.

Thereafter, brief portions of the jail call recordings were played for the trial court, and the parties rested and closed.

The trial court sentenced appellant to eighteen years in the Texas Department of Criminal Justice, Institutional Division.

## Analysis

**A.** **The trial court did not commit harmful error in admitting Sergeant Kennedy's testimony over appellant's hearsay objection.**

In his first issue, appellant contends that the trial court erroneously overruled his hearsay objection to Sergeant Kennedy's testimony, excerpted above. He

4

contends that the trial court's ruling deprived him of his right to confront the witnesses against him.

Appellant objected on hearsay and speculation grounds when the State asked Sergeant Kennedy whether, in the course of surveilling the stolen car, she saw any suspects matching the descriptions of the aggravated robbery suspects. Appellant complains on appeal about Sergeant Kennedy's testimony identifying appellant as one of the aggravated robbery suspects, based on descriptions reported to police. Appellant appears to suggest that the descriptions of the aggravated robbery suspects communicated to her are inadmissible hearsay.[1] The trial court overruled appellant's objection, and Sergeant Kennedy stated that, as she drove through the apartment complex, she saw two males "fitting the same description as the [robbery] suspects,"[2] close to the stolen vehicle, looking around suspiciously, and walking the property. She said one suspect was wearing a hoodie pulled over his head even though it was ninety degrees outside. At that point, Sergeant Kennedy called for marked police units. When they arrived, the two suspects, including appellant, ran to an apartment as Sergeant Kennedy and other officers pursued. Searching the apartment appellant was seen entering, officers found him hiding in a closet.

Presuming, without deciding, that the trial court abused its discretion by admitting the complained-of testimony from Sergeant Kennedy, we move directly to the harm analysis and consider whether appellant's substantial rights were affected by its admission. The erroneous admission of hearsay is non-constitutional error. Tex. R. App. P. 44.2(a); *Fischer v. State*, 207 S.W.3d 846, 860 (Tex. App.—Houston [14th Dist.] 2006), *aff'd*, 252 S.W.3d 375 (Tex. Crim. App. 2008). As the

---

[1] Appellant does not advance his speculation objection on appeal, so we do not address that point.

[2] She did not detail how the robbery suspects were described to police.

5

reviewing court, we disregard a non-constitutional error that does not affect a criminal defendant's substantial rights. *See* Tex. R. App. P. 44.2(b); *Gonzalez v. State*, 544 S.W.3d 363, 373 (Tex. Crim. App. 2018). Error affects a substantial right when it has a substantial and injurious effect or influence on the factfinder's determination. *See Gonzalez*, 544 S.W.3d at 373. If we have a fair assurance from examining the record as a whole that the error did not influence the factfinder, or had but a slight effect, we will not reverse. *See id*.

Upon full consideration of the record, we conclude that the admission of Sergeant Kennedy's testimony was not harmful. This is because appellant's hearsay argument relates specifically and only to whether appellant may have violated the terms of his community supervision by committing the new offense of aggravated robbery. But the State's first amended motion to adjudicate guilt alleged separately that appellant had committed the new offense of criminal trespass. *See* Tex. Penal Code § 30.05 (defining criminal trespass); *see also Tex. Dep't of Pub. Safety v. Axt*, 292 S.W.3d 736, 739 (Tex. App.—Fort Worth 2009, no pet.) (listing elements of criminal trespass). To revoke community supervision, either regular probation or deferred adjudication, the State must prove at least one alleged violation by a preponderance of the evidence. *Hacker v. State*, 389 S.W.3d 860, 864-65 (Tex. Crim. App. 2013). The trial court found sufficient evidence to support the allegations in the State's first amended motion, and appellant does not challenge any of the evidence supporting the criminal trespass offense. Thus, because proof of a single violation will support revocation of community supervision, the trial court did not abuse its discretion in adjudicating appellant guilty of the original robbery offense based on this new violation. *See, e.g.*, *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012) (proof of single violation sufficiently supports revocation of community supervision); *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App.

6

1980) (same). Accordingly, the admission of Sergeant Kennedy's testimony establishing that appellant matched the description of one of the aggravated robbery suspects did not affect appellant's substantial rights.

Finally, appellant's first issue also intermingles confrontation clause concerns with his hearsay argument. However, appellant did not assert a confrontation clause objection to the challenged testimony. Therefore, any argument that the trial court's admission of Sergeant Kennedy's testimony violated the Texas Constitution's confrontation clause is not preserved for our review. *See* Tex. R. App. P. 33.1(a)(1)(A); Tex. Const. art. I, § 10. A hearsay objection does not preserve a confrontation clause argument raised for the first time on appeal. *See Golliday v. State*, 560 S.W.3d 664, 668-71 (Tex. Crim. App. 2018); *Ruth v. State*, 167 S.W.3d 560, 567-68 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (citing *Wright v. State*, 28 S.W.3d 526, 536 (Tex. Crim. App. 2000)); *see also Craven v. State*, 579 S.W.3d 784, 786-87 (Tex. App.—Houston [14th Dist.] 2019, no pet.).

We overrule appellant's first issue.

## B. The trial court did not abuse its discretion in admitting jail phone call recordings.

In his second issue, appellant complains about the admission of jail phone call recordings during the punishment phase. Appellant says the trial court erred in overruling his objections because the recordings were not "authenticated" as to his voice and because their admission violated the hearsay rule and his witness confrontation rights.

The State responds that appellant's issue is multifarious. A multifarious point on appeal is one that embraces more than one specific ground. *See Stults v. State*, 23 S.W.3d 198, 205 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). Although we may disregard and refuse to review multifarious issues, we also may elect to

7

consider them if we are able to determine, with reasonable certainty, the alleged error about which the complaint is made. *Id.*

Here, appellant makes three complaints about the admission of the recordings contained in State's Exhibit No. 6, which mirror his trial court objections: (1) the exhibit is inadmissible because no one "authenticated" appellant's voice on the recordings; (2) the exhibit is inadmissible because it contains hearsay statements of another speaker; and (3) the exhibit is inadmissible because appellant had no opportunity to confront and cross-examine the witnesses against him, i.e., the other speaker(s). Because we can determine with reasonable certainty the alleged errors about which appellant complains, we will address appellant's second issue. *See id.*

### 1. *Authentication*

First, appellant argues that the exhibit lacks authenticity because the State presented no proof that appellant's voice was reflected on the recordings. Generally, to satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is. Tex. R. Evid. 901(a); *Butler v. State*, 459 S.W.3d 595, 600 (Tex. Crim. App. 2015). One way to make such a showing is by testimony of a witness with knowledge. Tex. R. Evid. 901(b)(1). Evidence also may be identified by "[t]he appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances." Tex. R. Evid. 901(b)(4); *see Fowler v. State*, 544 S.W.3d 844, 848 (Tex. Crim. App. 2018). The preliminary question for the trial court to decide is simply whether the proponent of the evidence has supplied facts that are sufficient to support a reasonable factfinder's determination that the proffered evidence is authentic. *Tienda v. State*, 358 S.W.3d 633, 638 (Tex. Crim. App. 2012). The authentication methods outlined in rule 901

8

are not exclusive, and meeting the proponent's burden does not require "[c]onclusive proof." *Fowler*, 544 S.W.3d at 848.

We review a trial court's ruling on authentication issues for an abuse of discretion; thus, we will uphold the trial court's decision when it is within the zone of reasonable disagreement. *Id.* "The trial judge does not abuse his or her discretion in admitting evidence where he or she reasonably believes that a reasonable juror could find that the evidence has been authenticated or identified." *Druery v. State*, 225 S.W.3d 491, 502 (Tex. Crim. App. 2007).

Here, Sergeant Franks testified that he is the one of the custodians of record for Harris County jail call recordings, that the jail phone calls at issue were recorded at or near the time they occurred by a device capable of making an accurate recording, that the recordings were kept in the regular course of the Harris County Sheriff's Office's business, and that the recordings in the exhibit were listed as being made by appellant. Sergeant Franks also explained that each inmate is assigned a unique spin number associated with that inmate's fingerprints, and when an inmate makes a phone call from the jail, he must input his spin number. Sergeant Franks acknowledged that inmates may occasionally "loan" their spin number to other inmates. In today's case, there was no evidence or contention that appellant's spin number was being used by an inmate other than him.

The trial judge could have formed a reasonable belief that a reasonable factfinder could find that appellant placed the calls heard on the recordings. The State presented some evidence from a witness with personal knowledge that the recording process associates a particular inmate with a particular phone call and that Exhibit 6 contains distinctive characteristics linking appellant with the recordings. Based on Sergeant Franks's testimony (1) describing the process by which inmates must input their spin number to make a phone call and (2) specifically identifying

9

the recordings in State's Exhibit 6 as linked to appellant's spin number and name, the record is sufficient to permit a reasonable factfinder to find that appellant placed the calls. To be sure, as appellant argues, the State did not present a witness who established by personal knowledge that the voice on the recording is in fact appellant's voice. But testimony from a witness who recognizes a voice on a recording is not the only way to identify such a recording. *See Malone v. State*, No. 05-11-00157-CR, 2013 WL 427354, at *3 (Tex. App.—Dallas Feb. 5, 2013, no pet.) (mem. op., not designated for publication) (no abuse of discretion in admitting jail call recordings without identification of appellant's voice when both external and internal characteristics showed that appellant made the calls). In *Malone*, much like here, the trial court admitted, over an authenticity objection, jail call recordings based on testimony from the records custodian and proof that the recordings were associated with the appellant's unique "inmate number" and name. *Id*. Also like the present case, the sponsoring witness in *Malone* acknowledged that inmates occasionally use the numbers of other inmates to make calls. *Id*. Yet, the court of appeals affirmed the trial court's ruling admitting the recordings as sufficiently identified. *See id.* We conclude that Sergeant Franks's testimony provides some evidence that Exhibit 6 is what the State claims—recordings of jail phone calls made by appellant. *See* Tex. R. Evid. 901(a); *see also Fowler*, 544 S.W.3d at 848-49.

Moreover, we note that the exhibit's other "distinctive characteristics" further buttress our conclusion that the judge's ruling is within the zone of reasonable disagreement. Tex. R. Evid. 901(b)(4). In addition to appellant's name and spin number associated with them, the content and substance of the recordings provide further evidence that appellant placed the calls. *See id*.; *see also Fowler*, 544 S.W.3d at 848-49; *Druery*, 225 S.W.3d at 502; *Malone*, 2013 WL 427354, at *3. For example, in a call placed on July 3, 2019, the caller stated that he was supposed to

10

go to court that day for his "probation violation" but the caller was in "quarantine" and the case was reset. Notably, the caller's statements confirm facts contained in appellant's court file in our clerk's record, which includes a case reset form dated July 3, 2019, indicating that appellant was in quarantine and the case was reset to July 31, 2019. Considering all the characteristics of the recordings, we cannot conclude that the trial court abused its discretion in admitting Exhibit 6. We overrule this portion of appellant's second issue.

### 2. *Hearsay*

Second, appellant argues that the recordings admitted into evidence contain hearsay. Portions of the recordings include statements made by appellant. His statements made during the phone calls are not hearsay. *See* Tex. R. Evid. 801(e)(2). The recordings also contain voices of other speakers, which may be hearsay.

Appellant's argument suffers from a fatal problem: he has not identified in his brief any particular statements that he contends are hearsay.[3] When evidence contains both admissible and inadmissible portions, the objecting party must specifically point out which portion is inadmissible to preserve error. *Whitaker v. State*, 286 S.W.3d 355, 369 (Tex. Crim. App. 2009); *Macedo v. State*, 609 S.W.3d 342, 345 (Tex. App.—Houston [14th Dist.] 2020, pet. filed). A trial court does not abuse its discretion when it admits the exhibit in its entirety if the objecting party fails to identify the inadmissible portions. *See Whitaker*, 286 S.W.3d at 369.

Here, we cannot say the trial court abused its discretion in admitting the jail phone call recordings in the absence of appellant's identification of those portions he contends were inadmissible hearsay. Appellant did not specify in the trial court which statements he challenged as hearsay, nor does he do so in our court.

---

[3] Collectively, the four recorded phone calls exceeded one hour in total duration.

11

Moreover, the State clarified that, as to voices other than appellant's, it was not offering those portions for the truth of the matters asserted. So offered, the statements other than appellant's that may be heard on the recordings are not hearsay. Tex. R. Evid. 801(d). We overrule this portion of appellant's second issue.

### 3. *Right to Confrontation*

Finally, appellant asserts that his right to confront witnesses against him was violated when the court admitted the recordings because they contain statements of unknown third parties. Tex. Const., art. I, § 10. However, appellant has failed to provide any meaningful analysis demonstrating why admission of the recordings violated his right to confrontation. *See* Tex. R. App. P. 38.1(i). Instead, he simply identifies the section of the Texas Constitution concerning an accused's right to confront witnesses against him and asserts that a violation of that right is not subject to a harm analysis.[4] He has neither stated nor applied governing legal principles to the facts of his case. For example, he has not explained how the allegedly offensive statements contained on the recordings are testimonial in nature. *See, e.g.*, *Crawford v. Washington*, 541 U.S. 36, 59 (2004) (only testimonial statements are subject to confrontation clause violations).

Moreover, as with his hearsay complaint, appellant has not identified which portions of the exhibit violate his right to confrontation. Absent such a showing, appellant is not entitled to relief. "The trial court was not obligated to search through these audiotapes and remove all of the inadmissible references so that the recorded

---

[4] Appellant is incorrect in this regard because a complaint that a defendant's right to confront witnesses has been violated is subject to a constitutional harm analysis. *See* Tex. R. App. P. 44.2(a); *Langham v. State*, 305 S.W.3d 568, 582 (Tex. Crim. App. 2010).

statements only contained the admissible evidence." *Whitaker*, 286 S.W.3d at 369 (internal quotations omitted).

Appellant has failed to adequately present this issue for our consideration. *See* Tex. R. App. P. 38.1(i); *Yglesias v. State*, 252 S.W.3d 773, 779 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd); *Santacruz v. State*, 237 S.W.3d 822, 827 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd). We overrule this portion of appellant's second issue.

## Conclusion

Having overruled both of appellant's issues, we affirm the trial court's judgment.

/s/ Kevin Jewell
   Justice

Panel consists of Justices Jewell, Poissant, and Wilson.

Do Not Publish — Tex. R. App. P. 47.2(b).